No. 86,920

STATE OF KANSAS, *Appellee*, v. JERRY D. RICE, *Appellant*.
(46 P.3d 1155)

Opinion filed May 31, 2002.

*Shawn E. Minihan*, assistant appellate defender, and *Randall Hodgkinson*, deputy appellate defender, were on the brief for appellant.

*Jerry D. Rice*, appellant, was on a separate brief pro se.

*Michael A. Russell*, assistant district attorney, *Nick A. Tomasic*, district attorney, and *Carla J. Stovall*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

MCFARLAND, C.J.: Jerry D. Rice appeals from the district court's denial of his motion to correct an illegal sentence.

## BACKGROUND

In 1994, defendant was convicted of first-degree murder for the 1992 killing of his wife for which he received a hard 40 sentence. We affirmed his conviction on his direct appeal. *State v. Rice*, 261 Kan. 567, 932 P.2d 981 (1997). The facts of the crime are not relevant to the sole issue before us and will not be set forth herein.

## THE ISSUE

In 1999, defendant filed his motion to correct an illegal sentence. The sole basis for the claim of illegality was the verdict entered by the jury in the sentencing phase of the trial. That verdict is as follows:

**"VERDICT**
"Life imprisonment with the defendant eligible for parole after 15 years.

_____
Presiding Juror

"Life imprisonment with the defendant eligible for parole after 40 years.
We, the jury, find the following aggravating circumstances to exist beyond a reasonable doubt: [Handwritten] Heinous, Atrocious; & Cruel.

/s/Charles Couts
_____
Presiding Juror"

Defendant contends the omission of the word "especially" before the handwritten "Heinous, Atrocious & Cruel" renders the imposition of the hard 40 sentence illegal.

## DISCUSSION

Under the statutory framework in effect relevant to defendant's conviction and sentencing, whether or not the hard 40 sentence should be imposed was submitted to a jury. K.S.A. 1992 Supp. 21-4625 set forth the eight aggravating circumstances which could be considered. In the case herein, the State gave notice it would seek imposition of the hard 40 sentence and would rely on subsection (3), a crime committed for the purpose of receiving money or any other thing of monetary value, and subsection (6), a crime committed in an especially heinous, atrocious, or cruel manner. Only subsection (6) was before the jury for consideration. In regards thereto, Instruction No. 5 stated:

"The State of Kansas contends that the following aggravating circumstances are shown from the evidence:

"1. The defendant committed the crime in an especially heinous, atrocious, or cruel manner.

"The term 'heinous' means extremely wicked to shockingly evil; 'atrocious' means outrageously wicked and vile; 'cruel' means pitiless, or designed to inflict a high degree of pain, utter indifference to, or enjoyment of, the sufferings of others.

"A crime is committed in an especially heinous, atrocious, or cruel manner when the perpetrator inflicts serious mental anguish or serious physical abuse before the victim's death. Mental anguish includes a victim's uncertainty as to her ultimate fate."

Instruction No. 8 provided:

"If you find beyond a reasonable doubt that there are one or more aggravating circumstances and that they outweigh mitigating circumstances, then you shall recommend a mandatory minimum term of 40 years. If you recommend that the defendant shall serve a mandatory minimum term of 40 years, you must designate upon the verdict form with particularity the aggravating circumstances which you found beyond a reasonable doubt.

"If you have a reasonable doubt that aggravating circumstances outweigh mitigating circumstances, then it is your duty to return a verdict of life imprisonment with parole eligibility in 15 years."

In further support of his position that the jury did not make the requisite finding that the crime was committed in an *especially* heinous, atrocious, or cruel manner, defendant draws our attention to the fact the prosecutor did not use the term "especially" in his final argument to the jury.

In denying the motion herein, the trial judge stated:

"Well, it doesn't really make a difference what the prosecutor argued because [the jury was] properly instructed as to what they had to find. I'll note that nobody questioned that those instructions, which came straight from PIK, were the appropriate instructions and that they appropriately instructed the jury. And I think that the defendant's argument that the jury was in some way misled is without merit.

"And I also think that the defendant's argument that the jury didn't with particularity designate the aggravating factors is also without merit. It was clear to me what they meant. It was clear to everybody else in the courtroom. There was no objection interposed by anyone at that time. There was no objection interposed at the Motion for New Trial, and there was no objection interposed at the time of sentencing. The motion is denied."

It should be noted that the evidence before the jury in the sentencing phase was the evidence presented in the guilt phase. That is, no new evidence was presented at the sentencing phase. The State made a closing argument, but defendant did not. It is true the State did not use the term "especially" in arguing that the crime was committed in a heinous, atrocious, or cruel manner, but it did use the term "so," at one point, when posing the question of

whether the crime was *"so* heinous, atrocious and cruel." (Emphasis added.)

It is well established that juries are presumed to have followed the instructions given by the trial court. *State v. Tyler,* 251 Kan. 616, Syl. ¶ 13, 840 P. 2d 413 (1992). If this jury's verdict does require interpretation, the amended notice alleging only one aggravating circumstance, the instructions, the verdict, and the record all indicate the jury found the aggravating circumstance in K.S.A. 21-4625 (6) to exist. Compare *State v. Taylor,* 212 Kan. 780, 784, 512 P. 2d 449 (1973) (the information, the court's instructions, and the record are references for interpreting a verdict allowing surplusage to be disregarded when the jury's verdict is otherwise responsive). See also *In re McLean,* 84 Kan. 852, Syl. ¶ 3, 115 Pac. 647 (1911) (obvious omissions in a verdict may be supplied by the information).

Furthermore, neither party points out that the jury's recommendation was also subject to review by the trial court. K.S.A. 1992 Supp. 21-4624 (6) states:

> "Notwithstanding the verdict of the jury, the trial court shall review any jury verdict imposing a mandatory term of imprisonment hereunder to ascertain whether the imposition of such sentence is supported by the record."

Here, defendant does not supply the sentencing transcript or journal entry, or otherwise raise the issue that the trial court's review of the jury's recommendation of the hard 40 sentence was erroneous.

The instructions herein clearly advised the jury it could select the hard 40 alternative only if it unanimously found the existence of the sole claimed aggravating factor (crime being committed in an especially heinous, atrocious, or cruel manner) beyond a reasonable doubt and that the aggravating factor outweighed any mitigating factors. We are satisfied that is what the jury did.

Obviously, the jury should have included the word "especially" on the verdict form. Under the circumstances herein, we conclude

this omission does not render the ultimate imposition of the hard 40 sentence illegal.

The judgment is affirmed.