(225 P.3d 1200)
No. 101,534

JERRY D. RICE, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed March 12, 2010.

*Richard Ney*, of Ney, Adams & Sylvester, of Wichita, for appellant.

*Michael A. Russell*, chief deputy district attorney, *Jerome A. Gorman*, district attorney, and *Steve Six*, attorney general, for appellee.

Before MCANANY, P.J., GREEN and MALONE, JJ.

MALONE, J.: This is Jerry D. Rice's fourth appeal before the Kansas appellate courts. In this appeal, Rice challenges the district court's denial of his motion to amend his K.S.A. 60-1507 motion to add claims of ineffective assistance of appellate counsel. We reverse and remand with directions for the district court to allow Rice to amend his motion.

On March 24, 1994, Rice was convicted by jury trial of first-degree murder for the death of his wife who disappeared in 1992 and whose body has never been found. The underlying facts were set forth by the Kansas Supreme Court in *State v. Rice*, 261 Kan. 567, 570-79, 932 P.2d 981 (1997) (*Rice I*). We will review only the procedural history of the case. Following his conviction, Rice pursued a direct appeal to the Kansas Supreme Court raising numerous issues, including a claim of ineffective assistance of trial counsel. Specifically, Rice claimed he received ineffective assistance of trial counsel because his Missouri-licensed attorney had mistakenly advised Rice that if he testified at trial, all of his prior felony convictions would have automatically come into evidence. Pending the direct appeal, the Kansas Supreme Court remanded the case for an evidentiary hearing on the ineffective assistance of counsel claim pursuant to *State v. Van Cleave*, 239 Kan. 117, 119-20, 716 P.2d 580 (1986).

On remand, Rice's trial counsel, Willard Bunch, testified that he knew Rice had numerous felony convictions and believed that if Rice had testified at trial all of those convictions could come into evidence, as he understood the rule to be in Missouri and in federal court. For that reason, Bunch advised Rice not to testify. Bunch stated he did not consult with Kansas counsel on the question. Bunch testified that had he known the rule in Kansas, he would not have hesitated to advise Rice to testify on his own behalf. Rice also testified at the hearing and stated that his decision not to testify at trial was based completely on Bunch's advice that all of his prior convictions would come into evidence if he testified. After hearing the evidence, the district court found that Bunch had labored under an incorrect understanding of Kansas law, causing him to advise Rice not to testify. Nevertheless, the district court found that Bunch's representation was not so deficient as to require a new trial. See *Rice I*, 261 Kan. at 595-98.

On appeal, the Kansas Supreme Court determined that Bunch's advice that Rice should not testify at trial was not based on any justifiable strategic considerations but instead was based on counsel's attempt to practice law in a jurisdiction where he was not licensed and without having a correct understanding of the Kansas

rules of evidence. Accordingly, a unanimous court found that Bunch's performance as counsel was unconstitutionally deficient. 261 Kan. at 607. However, a majority of the court was not convinced that Rice established that, had he testified, there was "a reasonable probability that the result of the proceeding would have been different." 261 Kan. at 609. Consequently, the Supreme Court upheld the district court's ruling that Rice was not deprived of a fair trial based on ineffective assistance of trial counsel, and Rice's conviction was affirmed. 261 Kan. at 609. Three justices dissented and expressed the view that Rice should have been granted a new trial based on ineffective assistance of trial counsel. 261 Kan. at 609-13 (Davis, J., dissenting, joined by Allegrucci and Six, JJ.).

Rice subsequently filed a motion to correct illegal sentence, which the district court denied. In State v. Rice, 273 Kan. 870, 874, 46 P.3d 1155 (2002) (Rice II), the Kansas Supreme Court affirmed Rice's hard-40 sentence. This appeal did not involve any claims of ineffective assistance of counsel.

On June 30, 2003, Rice filed a K.S.A. 60-1507 motion. In the motion, Rice identified new evidence of his innocence that he claimed was not available at the time of his trial. Rice also alleged ineffective assistance of trial counsel and he listed 42 reasons why Bunch's representation at trial was constitutionally deficient. Rice's claims of ineffective assistance of trial counsel in his K.S.A. 60-1507 motion were different from the claim litigated at the Van Cleave hearing concerning the advice not to testify at trial. The new claims of ineffective assistance of trial counsel included allegations that Bunch had never read the Kansas hard-40 sentencing statute prior to trial and that he neither offered any evidence nor made any argument to the jury during the penalty phase of the trial. Rice also claimed that Bunch had failed to investigate a defense witness and that he failed to impeach key prosecution witnesses.

On August 9, 2004, the district court held a hearing on Rice's K.S.A. 60-1507 motion. Regarding Rice's claims of ineffective assistance of trial counsel, the district court determined that Rice was attempting to revisit an issue which had previously been liti-

gated during the *Van Cleave* hearing and affirmed on appeal by the Kansas Supreme Court. Accordingly, the district court dismissed all of Rice's claims of ineffective assistance of trial counsel. At the hearing, Rice orally moved to amend his K.S.A. 60-1507 motion to include claims that his counsel was ineffective at the *Van Cleave* hearing and on direct appeal for failing to raise all meritorious claims of ineffective assistance of trial counsel. The district court denied Rice's attempt to amend his K.S.A. 60-1507 motion, finding that Rice did not have a constitutional right to effective assistance of counsel at the *Van Cleave* hearing. The district court then heard evidence on Rice's claim of newly discovered evidence and took the matter under advisement. In a memorandum decision filed on June 13, 2005, the district court found that the witnesses called by Rice did not present new evidence and that their testimony was neither reliable nor persuasive. Accordingly, the district court denied Rice's request for relief under K.S.A. 60-1507.

Rice appealed the district court's decision denying his K.S.A. 60-1507 motion. On appeal, this court affirmed the district court's decision as to the claim of newly discovered evidence. *Rice v. State*, 37 Kan. App. 2d 456, 467-68, 154 P.3d 537, *rev. denied* 284 Kan. 946 (2007) (*Rice III*). As to the ineffective assistance of trial counsel claims, this court affirmed the district court and concluded that because Rice had effected a *Van Cleave* remand during the direct appeal for the purpose of adjudicating the effectiveness of trial counsel, he was procedurally barred from raising additional claims of ineffective assistance of trial counsel in his subsequent K.S.A. 60-1507 motion. 37 Kan. App. 2d at 464-65. As for the district court's denial of Rice's motion to amend his K.S.A. 60-1507 motion to add claims of ineffective assistance of appellate counsel, this court stated that ordinarily the district court has broad discretionary power to grant or deny the amendment of pleadings. However, this court determined that the district court had erroneously concluded as a matter of law that Rice's right to counsel under the Sixth Amendment to the United States Constitution was inapplicable to the *Van Cleave* hearing. Accordingly, this court remanded to allow the district court to exercise its discretion to either grant

or deny Rice's motion to amend. *Rice III*, 37 Kan. App. 2d at 465-66.

On remand, Rice filed a written motion to amend his K.S.A. 60-1507 motion pursuant to K.S.A. 60-215(a) on October 29, 2007. In the written motion to amend, Rice reiterated his oral motion to include claims that his counsel was ineffective at the *Van Cleave* hearing and on direct appeal for failing to raise all meritorious claims of ineffective assistance of trial counsel. The motion to amend stated that "the claims the Petitioner seeks to raise in his amended petition are essentially the exact same claims he raised in his original petition with the difference that Petitioner is alleging his appellate counsel was ineffective in failing to raise these issues at the remand hearing." The motion to amend further stated that the evidence that would be presented in support of the amended motion would essentially be the same evidence that would have been presented in support of the original motion. Rice denied any undue delay or bad faith, arguing that he raised the issue of amending his motion to include these claims in written pleadings filed in January 2004 and orally at the evidentiary hearing in August 2004.

On November 6, 2008, the district court issued an order denying Rice's motion to amend his K.S.A. 60-1507 motion. The district court found that Rice's motion to amend his original K.S.A. 60-1507 motion to include allegations of ineffective assistance of appellate counsel stated new claims and a new cause of action. Relying on *Ludlow v. State*, 37 Kan. App. 2d 676, 157 P.3d 631 (2007), the district court found that Rice was required to include all grounds for relief in his original motion and the "relation-back" doctrine found in K.S.A. 60-215(c) does not apply in K.S.A. 60-1507 proceedings. The district court also denied Rice's motion to amend based on undue delay. Specifically, the district court found that Rice had sufficient time to amend his motion prior to August 9, 2004, but instead he waited until the day of the evidentiary hearing to attempt to amend the motion. Finally, the district court concluded that the doctrine of laches applied because 9 years had elapsed between the filing of the direct appeal and the request to amend the K.S.A. 60-1507 motion. Because the district court's or-

der denying the motion to amend constituted a final order, Rice has timely filed a notice of appeal.

On appeal, Rice challenges the district court's denial of his motion to amend his K.S.A. 60-1507 motion. Rice contends the district court erred by denying his motion to amend for three reasons: (1) The relation-back provision of K.S.A. 60-215(c) does apply in K.S.A. 60-1507 proceedings; (2) there was no undue delay in Rice's request to amend his motion to include claims of ineffective assistance of appellate counsel; and (3) the doctrine of laches is inapplicable under the facts of this case.

An appellate court reviews the district court's decision on a motion to amend pleadings for abuse of discretion. *Clevenger v. Catholic Social Service of the Archdiocese of Kansas City*, 21 Kan. App. 2d 521, 524, 901 P.2d 529 (1995); see *Rice III*, 37 Kan. App. 2d at 465. Judicial discretion will vary depending upon the character of the question presented for determination. Generally, a district court's decision is protected if reasonable persons could differ about the propriety of the decision, as long as the discretionary decision was made within and takes into account any applicable legal standards. However, an abuse of discretion may be found if a district court's decision goes outside the framework of or fails to properly consider statutory limitations or legal standards. *State v. Woodward*, 288 Kan. 297, 299, 202 P.3d 15 (2009).

### RELATION-BACK DOCTRINE AS APPLIED IN K.S.A. 60-1507 PROCEEDINGS

Rice first challenges the district court's legal conclusion that the relation-back doctrine found in K.S.A. 60-215(c) does not apply in K.S.A. 60-1507 proceedings. The issue is relevant here because Rice did not orally move to amend his K.S.A. 60-1507 motion to add claims of ineffective assistance of appellate counsel until the evidentiary hearing in August 2004. Rice had until June 30, 2004, to file any claims for relief under K.S.A. 60-1507. See K.S.A. 60-1507(f)(1); *Hayes v. State*, 34 Kan. App. 2d 157, 161-62, 115 P.3d 162 (2005) (1-year statute of limitations in 60-1507[f] begins to run for preexisting claims on the date the statute became effective). Thus, the only way for Rice's claims of ineffective assistance of

appellate counsel to be viable is if the claims relate back to his original K.S.A. 60-1507 motion filed on June 30, 2003.

K.S.A. 60-215(c)(1) provides:

"*Relation back of amendments.* An amendment of a pleading relates back to the date of the original pleading when:

(1) The claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."

This court interpreted the interaction between K.S.A. 60-1507 and K.S.A. 60-215(c) in *Ludlow*, 37 Kan. App. 2d 676. In *Ludlow*, the movant filed a K.S.A. 60-1507 motion on the last day possible before the motion was time barred by K.S.A. 60-1507(f)(1). In the motion, the movant raised eight allegations of ineffective assistance of trial counsel and three allegations of ineffective assistance of appellate counsel. The district court held an evidentiary hearing on the allegations, and following the conclusion of the presentation of evidence, the parties submitted briefs. In the movant's brief, he raised nine additional claims for relief. The State objected to the new claims, arguing that they were untimely. The district court agreed, holding that the new claims were untimely and not properly before the court.

This court affirmed, finding that unlike ordinary civil petitions, a motion pursuant to K.S.A. 60-1507 and Supreme Court Rule 183 (2009 Kan. Ct. R. Annot. 251) must contain all of the grounds for relief:

"Even though K.S.A. 60-1507 motions are civil actions, as a pleading, they make up a subset distinct from ordinary civil petitions. By statute and rule they must contain all perceived grounds for relief unlike the notice pleadings found in most civil petitions. Furthermore, these cases are collateral attacks upon completed criminal proceedings. That means ordinarily in these types of cases there is no pretrial discovery that creates the need to amend pleadings to include new grounds for relief as discovery often causes in other civil cases." 37 Kan. App. 2d at 683.

This court then concluded that both K.S.A. 60-1507 and Rule 183(d) contain identical prohibitions against entertaining second or subsequent motions, thereby rendering the relation-back doc-

trine from K.S.A. 60-215(c) inapplicable in K.S.A. 60-1507 proceedings:

"The tandem requirements of mandatory inclusion of all alleged grounds for relief coupled with the prohibition against hearing subsequent motions, found in this rule and statute, block the filing of a successive motion. With no ability to amend or supplement a 60-1507 motion, the 'relation-back' doctrine found in K.S.A. 60-215(c) is inoperative here." 37 Kan. App. 2d at 683-84.

Subsequent to *Ludlow*, the Kansas Supreme Court addressed the relation-back doctrine in *Pabst v. State*, 287 Kan. 1, 192 P.3d 630 (2008). Pabst filed a K.S.A. 60-1507 motion on October 15, 2003. In the motion, Pabst set forth various grounds for relief but he also stated that, because of the applicable statute of limitations, he had filed the motion prior to a full investigation and review. Pabst informed the court that he intended to file supplemental pleadings, with leave of the court, after an examination of the record. Nearly 2 years later, without seeking leave from the court, Pabst filed an amended pleading setting forth 16 grounds for relief, 10 of which differed from the original motion. The State contested the amended pleading, arguing that it should be dismissed because the new claims were barred by the statute of limitations. The district court found that the new claims did not relate back to the original motion and dismissed Pabst's new claims as time-barred pursuant to K.S.A. 60-1507(f)(1).

In analyzing the amended pleadings, the Supreme Court initially stated that the terms utilized by the statutes dictate against applying K.S.A. 60-215 in the K.S.A. 60-1507 context because K.S.A. 60-215 refers to the amendment of " 'pleadings,' " while a K.S.A. 60-1507 proceeding is commenced with a "motion." 287 Kan. at 23. The court then observed, however, that these technical distinctions were obscured by Rule 183, which states that the filing of a K.S.A. 60-1507 motion commences a new civil action in a manner similar to the filing of a civil petition. Thus, the court noted that a motion pursuant to K.S.A. 60-1507 should be treated the same as a pleading within the meaning of K.S.A. 60-215, notwithstanding the assigned label. 287 Kan. at 23.

The court then determined that the provisions of K.S.A. 60-215(a) providing a party the right to amend a pleading once as a

matter of course at any time before a responsive pleading is served does not apply to a motion for relief under K.S.A. 60-1507 because that statute does not require the State to file a responsive pleading. 287 Kan. at 24. The court did not expressly analyze whether Pabst's amended pleading related back to his original motion under K.S.A. 60-215(c). Instead, the court cited the United States Supreme Court's holding in *Mayle v. Felix*, 545 U.S. 644, 650, 162 L. Ed. 2d 582, 125 S. Ct. 2562 (2005), that an amended habeas petition does not relate back and escape the 1-year time limitation of the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1), when the amended petition asserts a new ground for relief supported by facts that differ in both time and type from those set forth in the original pleading. *Pabst*, 287 Kan. at 25.

Accordingly, the *Pabst* court concluded that the district court was unquestionably correct in finding no relation back for most of Pabst's amended claims "because they [were] based on different grounds than asserted in the original motion." 287 Kan. at 25. The court then noted that some of Pabst's amended claims could be "bootstrapped" into the original grounds for relief. 287 Kan. at 25-26. However, the court determined that any error by the district court in dismissing these amended claims "was ameliorated when the district court nevertheless ruled on the merits of those [original] claims." 287 Kan. at 26.

Returning to our facts, Rice did not orally move to amend his K.S.A. 60-1507 motion to add claims of ineffective assistance of appellate counsel until after the statute of limitations applicable to Rice's case had expired. Thus, the only way for Rice's claims of ineffective assistance of appellate counsel to be viable is if the claims related back to his original K.S.A. 60-1507 motion filed on June 30, 2003. The *Pabst* court could have simply held that the relation-back doctrine found in K.S.A. 60-215(c) is inoperative in K.S.A. 60-1507 proceedings, as the Court of Appeals held in *Ludlow*. However, the *Pabst* court left the door open for K.S.A. 60-1507 amendments to relate back to the date of the original motion. The court held that an amendment to a motion for relief under K.S.A. 60-1507 that asserts a new ground for relief which is supported by facts that differ in both time and type from those grounds

set forth in the original motion *does not relate back* to the date of the original motion so as to circumvent the 1-year limitation of K.S.A. 60-1507(f)(1). *Pabst*, 287 Kan. 1, Syl. ¶ 7. We must presume that the converse of this statement is also true. An amendment to a K.S.A. 60-1507 motion that asserts a new ground for relief which is supported by facts that *do not* differ in time and type from those grounds set forth in the original motion *does relate back* to the date of the original motion.

Rice's amended claim of ineffective assistance of appellate counsel clearly asserts a new ground for relief that was not included in his original motion. The question then becomes whether this new ground for relief is "supported by facts that differ in both time and type from those grounds set forth in the original motion." *Pabst*, 287 Kan. 1, Syl. ¶ 7 (relying on *Mayle*, 545 U.S. at 650). In *Mayle*, the Court clarified its holding by stating: "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." 545 U.S. at 664.

We find the "time-and-type" test referred to by the court in *Pabst* to be somewhat difficult to apply in the context of Rice's ineffective assistance of appellate counsel claims verses his ineffective assistance of trial counsel claims. Both types of claims relate to ineffective assistance of counsel, but the timing of the errors is separated by the interval between Rice's trial and Rice's appeal.

The tests in determining whether trial counsel was ineffective verses whether appellate counsel was ineffective are slightly different. For ineffective assistance of trial counsel, the defendant must establish that counsel's performance was constitutionally deficient. This requires a showing that counsel made errors so serious that his or her performance was less than that guaranteed to the defendant by the Sixth Amendment to the United States Constitution. The defendant must also establish that counsel's deficient performance prejudiced the defense. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial. *Harris v. State*, 288 Kan. 414, 416, 204 P.3d 557 (2009). Meanwhile, to determine ineffective assistance of appellate counsel, the defendant must show that counsel's performance, based upon the totality of the circumstances, was deficient in that it fell

below an objective standard of reasonableness. The defendant must also establish that his or her appeal was prejudiced to the extent that there is a reasonable probability that, but for counsel's deficient performance, the appeal would have been successful. *State v. Smith*, 278 Kan. 45, 51-52, 92 P.3d 1096 (2004).

Moreover, the law is clear that the failure of counsel to raise an issue on appeal, even if requested by the defendant, is not necessarily ineffective assistance of appellate counsel. *Baker v. State*, 243 Kan. 1, 9-10, 755 P.2d 493 (1988).

"In an appeal from a criminal conviction, appellate counsel should carefully consider the issues, and those that are weak or without merit, as well as those that could result in nothing more than harmless error, should not be included as issues on appeal. Likewise, the fact that the defendant requests such an issue or issues to be raised does not require appellate counsel to include them. Conscientious counsel should only raise issues on appeal which, in the exercise of reasonable professional judgment, have merit." 243 Kan. at 10.

These differences aside, the actual evidence required to prove a claim of ineffective assistance of appellate counsel, in most cases, is nearly the same as the evidence required to prove a claim of ineffective assistance of trial counsel. The movant must first establish that trial counsel was ineffective. The only additional evidence required to establish a claim of ineffective assistance of appellate counsel is to elicit testimony from the appellate attorney as to the thought processes that prompted the failure to raise the issue on appeal. The primary difference between the two types of claims is the remedy. If a movant prevails on a claim of ineffective assistance of trial counsel, he or she is entitled to receive a new trial. If a movant prevails on a claim of ineffective assistance of appellate counsel, he or she is entitled to receive a new appeal which, in turn, may ultimately result in a new trial.

Here, Rice's written motion to amend filed on October 29, 2007, reiterated his oral motion to include claims that his counsel was ineffective at the *Van Cleave* hearing and on direct appeal for failing to raise all meritorious claims of ineffective assistance of trial counsel. The motion to amend made it clear that the claims Rice intended to raise in his amended pleadings were "essentially the exact same claims he raised in his original petition." The motion

to amend further stated that the evidence that would be presented in support of the amended motion would essentially be the same evidence that would have been presented in support of the original motion.

In *Rice III*, this court remanded the case to allow the district court to "exercise its discretion" to either grant or deny Rice's request for an amendment. 37 Kan. App. 2d at 466. On remand, the district court denied the motion to amend, relying primarily on *Ludlow*'s holding that a K.S.A. 60-1507 movant is required to state all grounds for relief in the original motion and that the relation-back doctrine found in K.S.A. 60-215(c) does not apply in K.S.A. 60-1507 proceedings. However, as Rice has argued on appeal, if *Ludlow* cuts off all ability for a K.S.A. 60-1507 movant to amend his or her motion, there would have been no need for the remand in the first place. And as we have stated, the holding in *Pabst* allows an amendment to a K.S.A. 60-1507 motion to relate back to the original motion in some circumstances. 287 Kan. 1, Syl. ¶ 7.

K.S.A. 60-215(a) provides that leave of court to amend pleadings "shall be freely given when justice so requires." As was the case with the district court's original ruling, the district court's decision on remand to deny Rice's motion to amend appears to have been based more on an erroneous legal standard as opposed to a true exercise of the court's discretion. Rice's new ground for relief asserting ineffective assistance of appellate counsel was supported by facts that were not substantially different in time and type from the grounds set forth in the original motion. See *Pabst*, 287 Kan. 1, Syl. ¶ 7. Stated differently, Rice's amended claims were tied to a common core of operative facts which supported the original claims in his motion. See *Mayle*, 545 U.S. at 664. Thus, we conclude the district court abused its discretion by determining as a matter of law that Rice's amended claims did not relate back to the original motion.

### UNDUE DELAY

The district court also denied Rice's motion to amend based on undue delay. Specifically, the district court found that Rice had

sufficient time to amend his motion prior to August 9, 2004, but instead he waited until the day of the evidentiary hearing to attempt to amend his motion.

Rice filed his original K.S.A. 60-1507 motion on June 30, 2003. The State filed a response on November 10, 2003, and asserted that Rice had waived his additional claims of ineffective assistance of trial counsel by not raising the claims at the *Van Cleave* hearing. See *State v. Van Cleave*, 239 Kan. 117, 119-20, 716 P.2d 580 (1986). In a memorandum of law filed on January 6, 2004, Rice argued that he should be allowed to present his additional claims of ineffective assistance of trial counsel even though he had previously litigated the effectiveness of his trial counsel at the *Van Cleave* hearing and on direct appeal. In the concluding paragraph of the memorandum, Rice requested that the district court rule on the issue prior to the evidentiary hearing so that Rice "may have adequate time to move to amend the [60-1507 motion] in this case to allege ineffectiveness by appellate counsel" should the district court not allow him to proceed with his ineffective assistance of trial counsel claims.

The district court did not rule on the ineffective assistance of trial counsel claims until the evidentiary hearing on August 9, 2004. At the hearing, the district court sustained the State's motion to dismiss Rice's additional claims of ineffective assistance of trial counsel, finding that the issue had already been litigated. Rice orally moved to amend his motion to allege ineffective assistance of appellate counsel, but the district court denied his motion on the ground that Rice did not have a constitutional right to effective assistance of counsel at the *Van Cleave* hearing. This ruling was overturned on appeal in *Rice III*, 37 Kan. App. 2d at 465-66.

Under the circumstances, we disagree with the district court that Rice was guilty of undue delay in attempting to amend his motion. Rice notified the district court in his memorandum of law filed on January 6, 2004, that he intended to amend his motion to include claims of ineffective assistance of appellate counsel should the district court not allow him to proceed with his ineffective assistance of trial counsel claims. Significantly, this date was prior to the expiration of the statute of limitations applicable to Rice's K.S.A. 60-

1507 motion. In his memorandum of law, Rice specifically requested that the district court rule on the issue prior to the evidentiary hearing, but the district court failed to do so.

Granted, Rice could have filed a written motion to amend his claims prior to the evidentiary hearing on August 9, 2004, as a matter of precaution. However, it appears from the record that Rice's oral motion to amend at the evidentiary hearing would not have delayed the proceedings. The district court did not dismiss Rice's claims of ineffective assistance of trial counsel until the evidentiary hearing. Presumably the State appeared at the hearing prepared for Rice to present evidence on his 42 claims of ineffective assistance of trial counsel. We note with significance that both Rice and the State had listed Carl Cornwell, Rice's appellate attorney, as a witness for the evidentiary hearing. Apparently both parties were ready to question Cornwell as to his role in representing Rice at the *Van Cleave* hearing and on direct appeal had the district court allowed Rice to proceed with his claims of ineffective assistance of counsel. And as we have previously discussed, Rice asserted that the evidence that would have been presented to support the amended motion was essentially the same as the evidence that would have been presented to support the original motion on the ineffective assistance of counsel claims. Thus, it appears the State would not have been prejudiced had the district court granted Rice's oral motion to amend at the evidentiary hearing.

Furthermore, Rice had a legitimate legal basis for believing at the time that a motion to amend was unnecessary. Relying on *United States v. Galloway*, 56 F.3d 1239, 1241 (10th Cir. 1995), Rice believed that new claims of ineffective assistance of counsel could be raised in a collateral proceeding even though different grounds for ineffective assistance of counsel were raised in the direct criminal proceedings. Thus, Rice came to the hearing on August 9, 2004, expecting to be able to present evidence on his claims of ineffective assistance of trial counsel. It was not until *Rice III* was decided that any Kansas appellate court had held that a criminal defendant who obtains a *Van Cleave* remand during his or her direct criminal proceedings is not entitled to raise different grounds for ineffective assistance of counsel in subsequent pro-

ceedings under K.S.A. 60-1507. *Rice III*, 37 Kan. App. 2d at 463-64.

Here, Rice notified the district court as early as January 6, 2004, that he intended to include claims of ineffective assistance of appellate counsel if necessary in order to obtain relief under K.S.A. 60-1507. Rice orally moved to amend his motion as soon as the district court dismissed the ineffective assistance of trial counsel claims. It appears from the record that the amendment would not have delayed the presentation of the evidence at the hearing. Under these circumstances, we conclude there was no undue delay in Rice's request to amend his motion to include claims of ineffective assistance of appellate counsel.

## DOCTRINE OF LACHES

Finally, the district court denied the motion to amend based on the doctrine of laches. Specifically, the district court found that the doctrine of laches applied because 9 years had elapsed between the filing of the direct appeal and the request to amend the K.S.A. 60-1507 motion. The doctrine of laches is available as a defense in a K.S.A. 60-1507 proceeding if the delay of the movant is unreasonable, if the facts on which the issue was based had been known to the movant for many years, and if there is evidence of prejudice to the State. *Woodberry v. State*, 33 Kan. App. 2d 171, 175-77, 101 P.3d 727, *rev. denied* 278 Kan. 853 (2004).

The district court calculated that 9 years had elapsed between the *filing* of the Rice's direct appeal and his request to amend his K.S.A. 60-1507 motion. However, this is not the relevant time frame applicable to the doctrine of laches. Rice could not have filed his K.S.A. 60-1507 motion while his direct appeal was pending. Rice's direct appeal did not conclude until 1997. Granted, he waited 6 years to file his K.S.A. 60-1507 motion on June 30, 2003. The State has never claimed that Rice's original K.S.A. 60-1507 motion was barred by the doctrine of laches. Rice orally moved to amend his motion on August 9, 2004. If the original motion was not barred by the doctrine of laches, it is difficult to perceive how Rice's attempt to amend his motion 13 months later could be barred by this doctrine. We conclude the district court abused its

discretion by relying on the doctrine of laches to deny Rice's motion to amend.

In summary, we conclude the district court erred by finding that Rice's amended claims of ineffective assistance of appellate counsel did not relate back to the filing of the original K.S.A. 60-1507 motion. We also conclude the district court erred by denying Rice's amended claims based upon undue delay and the doctrine of laches. The case is remanded to district court with directions to allow Rice to amend his K.S.A. 60-1507 motion to assert claims of ineffective assistance of appellate counsel.

Reversed and remanded with directions.