NOT DESIGNATED FOR PUBLICATION

No. 113,878

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NICHOLAS RATLEY,
*Appellant*.


MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed August 19, 2016. Affirmed.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Daniel D. Gilligan*, assistant district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before GARDNER, P.J., BUSER and STANDRIDGE, JJ.


*Per Curiam*:  Nicholas Ratley appeals from his convictions of two counts of making a false information and two counts of theft by deception. He argues the district court erred by (1) denying his motion for a mistrial based on an alleged violation of a pretrial order in limine and (2) depriving him of his constitutional right to present a defense by limiting his cross-examination of the alleged victim. Finding no error, we affirm.

FACTS

Ratley worked for Keith Winter at Auto Tech, a business personally owned by Winter. Because of Ratley's employment with Auto Tech, he was authorized to make purchases on Winter's Auto Tech account at O'Reilly Auto Parts (O'Reilly). According to Winter, Ratley stopped working for Auto Tech in February 2014. At some point after that date, Winter claimed he notified O'Reilly that Ratley was no longer authorized to make purchases at O'Reilly on the Auto Tech account.

On May 7, 2014, Winter contacted the Hutchinson Police Department to report that Ratley had made unauthorized purchases on the Auto Tech account that Winter maintained at O'Reilly. Winter reported the dates of the unauthorized purchases as March 3, April 4, and April 5, 2014. O'Reilly employees identified Ratley as the individual who made purchases on the Auto Tech account on the dates in question.

Ratley was charged with four counts of making a false information and four counts of theft by deception. At trial, Ratley admitted to using the Auto Tech account to purchase the items but claimed that he had continued to work for Winter until mid-April 2014. Ratley testified that he purchased the items for Auto Tech with Winter's knowledge and at his direction.

The jury found Ratley guilty of two counts of making a false information and two counts of theft by deception related to the April 4 and 5 transactions and not guilty of the four remaining charges related to the March 3 transactions. The district court sentenced Ratley to an 18-month term of probation with an underlying prison term of 19 months and ordered Ratley to pay restitution to O'Reilly in the amount of $167.23.

ANALYSIS

*Motion for mistrial*

Ratley argues the district court erred in denying his motion for a mistrial, which he filed after the jury heard testimony that allegedly violated a pretrial order in limine.

A judge's power to declare a mistrial should be used with great caution. *State v. Navarro*, 272 Kan. 573, 582, 35 P.3d 802 (2001). But a district court may order a mistrial when "[p]rejudicial conduct . . . makes it impossible to proceed with the trial without injustice to either the defendant or the prosecution." K.S.A. 22-3423(1)(c). A district court's decision regarding a mistrial under K.S.A. 22-3423(1)(c) requires a two-step analysis: (1) whether "there was some fundamental failure of the proceeding," and if so, (2) whether continuing the trial in light of that fundamental failure will result in injustice. *State v. McCullough*, 293 Kan. 970, 980, 270 P.3d 1142 (2012). If the failure cannot be "removed or mitigated by an admonition, jury instruction, or other action" and results in an injustice, the court must declare a mistrial. 293 Kan. at 980.

When considering the district court's decision on appeal, this court reviews both of these inquiries under an abuse of discretion standard, reversing in situations where the district court either (1) acted in an arbitrary, fanciful, or unreasonable manner; (2) committed an error of law; or (3) committed an error of fact. *McCullough*, 293 Kan. at 980-81.

Ratley's motion for mistrial arose following certain testimony that Ratley alleged violated a pretrial order in limine. Before trial, Ratley filed what his attorney referred to as a "standard" motion in limine requesting an order prohibiting the State from making any reference to or eliciting any testimony regarding his prior criminal record, bad acts, or propensity to commit bad acts. When the parties appeared before the district court on

the motion, the court asked the State whether it had any objection to the motion and the following discussion ensued:

> "[THE STATE]: Judge, the [S]tate's concern is that the reason the defendant was terminated from employment with Auto Tech is his drug use. So while the [S]tate doesn't intend to ask why was he fired and no longer able to use the Auto Tech account, it's—and I will instruct our witness that that's not, he—I don't know what the court wants him to answer. Because his answer would be because he was back on drugs. So I'm not sure how we're going to avoid that as far as that's the reason that his authority to have charges on the Auto Tech account was taken away.
>
> "THE COURT: The witness will be instructed not to have any testimony about drug use. It will be indicated that the witness, or that the defendant was terminated from employment. There's, the jury does not need to know the reason why he was terminated, only he was terminated.
>
> "[THE STATE]: I will so instruct him, judge.
>
> "THE COURT: Anything else?
>
> "[DEFENSE COUNSEL]: Not from the defense, judge.
>
> "[THE STATE]: No, judge
>
> "THE COURT: Okay. Thank you."

During cross-examination, defense counsel asked Winter to describe how Ratley was compensated and whether this compensation arrangement had been in place for the entire 3 years of Ratley's employment. Winter responded, "There was a large section of time in there where he was in jail and didn't work so, I mean, it was very sporadic." Defense counsel asked to approach the bench. Instead of convening a bench conference, the district court instructed the jury to disregard Winter's unresponsive statement and ordered the jury not to consider it in any way during deliberations. Later, outside the presence of the jury, defense counsel moved for a mistrial based on Winter's statement, reasoning that it was a violation of the district court's order in limine. The court denied the request for mistrial, concluding that it had appropriately handled the matter by admonishing the jury to disregard the statement.

Ratley concedes that the district court admonished the jury to disregard Winter's statement but argues the overall effect of the admonishment was diminished by two other improper comments made by Winter that also violated the order in limine and for which no admonishment was given. Ratley claims the cumulative effect of all three of Winter's comments caused the jury to view Ratley's testimony with increased skepticism and amounted to a fundamental failure that required the district court to declare a mistrial.

We note, as a preliminary matter, that Ratley did not object when the two other allegedly improper comments were made by Winter or otherwise rely on these two comments to support his motion for mistrial before the district court. K.S.A. 60-404 provides that a verdict will not be set aside "by reason of the erroneous admission of evidence unless there appears of record objection to the evidence timely interposed and so stated as to make clear the specific ground of objection." In other words, "evidentiary errors shall not be reviewed on appeal unless a party has lodged a timely and specific objection to the alleged error at trial." *State v. King*, 288 Kan. 333, 349, 204 P.3d 585 (2009). Our Supreme Court has consistently refused to "review an evidentiary issue without a timely and specific objection even if the issue involves a fundamental right." *State v. Dukes*, 290 Kan. 485, 488-89, 231 P.3d 558 (2010) (requiring defendants to raise contemporaneous Confrontation Clause objections); see *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015) ("Without a contemporaneous objection, [defendant's] claim is being asserted for the first time on appeal and is subject to the general rule that alleged constitutional violations cannot be raised for the first time on appeal."); *State v. Houston*, 289 Kan. 252, Syl. ¶ 10, 213 P.3d 728 (2009) (when district court grants motion in limine and the evidence is introduced at trial, moving party must object at trial to admission of the evidence to preserve issue for appeal).

Ratley does not acknowledge his failure to object when Winter made the two other allegedly improper comments or his failure to otherwise abide by Supreme Court Rule 6.02(a)(5) (2015 Kan. Ct. R. Annot. 41) by explaining why his challenge to those two

5

comments is properly before this court. Our Supreme Court recently emphasized that "Rule 6.02(a)(5) means what it says and is ignored at a litigant's own peril." *Godfrey*, 301 Kan. at 1043; see *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014). Accordingly, we will determine whether the district court erred in denying Ratley's motion for a mistrial based solely on Winter's comment that Ratley had served time in jail and will not consider comments made by Winter to which Ratley did not lodge an objection at trial.

When a party alleges that an order in limine has been violated, the district court must determine (1) whether the order has been violated, and if so, (2) whether the party alleging the violation has established substantial prejudice resulting from that violation. *State v. Breedlove*, 295 Kan. 481, 494, 286 P.3d 1123 (2012). Here, the district court did not explicitly address whether Winter's testimony had violated the order in limine but simply denied Ratley's request for mistrial on grounds that it properly had admonished the jury to disregard the testimony.

We find it difficult to discern from the record the precise scope of the district court's order in limine. Ratley's motion in limine requested the court to enter an order prohibiting the State from making any reference to or eliciting any testimony regarding Ratley's prior criminal record, bad acts, or propensity to commit bad acts. When asked if it had any objections, the State initially indicated it may not be able to avoid bringing up Ratley's use of drugs. Specifically, the State explained to the court that it needed to be able to establish that Ratley was no longer authorized to purchase from O'Reilly on Auto Tech's account because Ratley started using drugs, which was the reason Winter terminated Ratley's employment. The district court ultimately held that Winter could not testify as to drug use but could testify that he terminated Ratley's employment. Conspicuously missing from the court's ruling, however, is a decision on the balance of Ratley's request to prohibit the State from making any reference to or eliciting any testimony regarding his prior criminal record, bad acts, or propensity to commit bad acts.

Given this ambiguity, we assume—without deciding—that Winter's comment about Ratley spending time in jail violated an order in limine.

Having determined, at least for purposes of our analysis here, that Winter's comment violated an order in limine, we now must determine whether such violation resulted in substantial prejudice to Ratley. Generally, an admonition to the jury cures any prejudice resulting from an improper admission of evidence. *State v. Tatum*, 281 Kan. 1098, 1113, 135 P.3d 1088 (2006). In *State v. Barncord*, 240 Kan. 35, 44, 726 P.2d 1322 (1986), a police officer stated on cross-examination that the defendant had served time in jail, despite a court order that no reference be made to the defendant's criminal record. In *State v. Rivera*, 42 Kan. App. 2d 914, 922, 218 P.3d 457 (2009), *rev. denied* 290 Kan. 1102 (2010), a police officer stated on cross-examination that he had seen the defendant's mug shot, in direct contravention of a court order. In both *Barncord* and *Rivera*, the district court immediately admonished the jury to disregard the statement.

The *Barncord* court held that the defendant had not been substantially prejudiced and, thus, was not entitled to a new trial because the improper testimony had little, if any, likelihood of affecting the trial's outcome. 240 Kan. at 44-45 (noting existence of other evidence against defendant and curative effect of jury admonition). The *Rivera* court held: (1) The defendant's right to a fair trial had not been violated by the breach of the order in limine because he did not suffer substantial prejudice given the other evidence against him and the immediate jury admonition and (2) the district court had not abused its discretion by denying the defendant's motion for a new trial because a reasonable person would believe the jury admonition rendered the improper admission of evidence harmless. 42 Kan. App. 2d at 921-22.

Significantly, Ratley's claim of prejudice is premised on the notion that Winter made multiple comments in violation of the order in limine during his testimony. As previously stated, however, Ratley did not object to any of the other comments he now

7

challenges on appeal, so they cannot be relied on to support his claim of prejudice. Standing alone, Winter's statement regarding Ratley's time in jail did not result in substantial prejudice. The statement was brief and nonresponsive to the question asked. The district court immediately admonished the jury to disregard the statement and to not consider it during deliberations. Moreover, the jury was clearly instructed that it needed to render its decision based only on the information admitted into evidence. The jury is presumed to have followed the instructions given by the district court. *State v. Rice*, 273 Kan. 870, 873, 46 P.3d 1155 (2002). Ratley's claim of prejudice is further undermined by the fact that the jury acquitted him of four other counts.

Our Supreme Court has recognized that "it is impossible for the court in advance to exclude an improper answer to a proper question." *State v. Mitchell*, 220 Kan. 700, 703, 556 P.2d 874 (1976) ("A defendant is entitled to a fair trial but not a perfect one."). Based on our review of the record as a whole, we find Winter's comment regarding time Ratley spent in jail did not cause substantial prejudice or otherwise create a fundamental failure in the proceeding. The brief comment was unsolicited and unresponsive, and the jury was promptly admonished to disregard the comment entirely. Because no fundamental failure existed, the district court did not abuse its discretion in refusing to grant a mistrial.

*The right to present a defense*

Ratley argues the district court deprived him of his constitutional right to present a defense and to confront the witnesses against him by not allowing him to fully cross-examine Winter about his business practices.

A defendant has a fundamental right to present his or her theory of defense, and improperly excluding evidence that is integral to that theory may violate a defendant's constitutional right to a fair trial. But the right to present a defense is limited by the

8

statutory rules of evidence and the caselaw interpreting those rules. *State v. Tague*, 296 Kan. 993, 1000, 298 P.3d 273 (2013). Thus, the district court violates a defendant's right to a fair trial only when it excludes relevant, admissible, and noncumulative (unique, not repetitive) evidence that is necessary to the defense theory. *State v. Roeder*, 300 Kan. 901, 927, 336 P.3d 831 (2014), *cert. denied* 135 S. Ct. 2316 (2015); *State v. Lawrence*, 281 Kan. 1081, 1085, 135 P.3d 1211 (2006).

As a general rule, the district court has discretion to set reasonable limits on the scope of cross-examination. *State v. Wells*, 296 Kan. 65, 86, 290 P.3d 590 (2012); see *Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S. Ct. 1431, 89 L. Ed. 2d 674 (1986) (district courts have wide latitude to impose reasonable limits on cross-examination based on concerns about "harassment, prejudice, confusion of the issues, . . . or interrogation that is repetitive or only marginally relevant").

Thus, the first step we take to determine whether the challenged evidence was admissible is to ask whether the evidence was relevant. As a general rule, all relevant evidence is admissible unless it is otherwise excluded by statute, constitutional provision, or court decision. *State v. Williams*, 303 Kan. 585, 592-93, 363 P.3d 1101 (2016); *State v. Baker*, 287 Kan. 345, 363, 197 P.3d 421 (2008). Relevant evidence is evidence that tends to prove a significant fact—in legal terms, it must be both material and probative. K.S.A. 60-401(b); *State v. Huddleston*, 298 Kan. 941, 959, 318 P.3d 140 (2014). Evidence is material when it establishes a fact that is at issue or in dispute and is probative when it logically tends to prove the material fact. *State v. Coones*, 301 Kan. 64, 78, 339 P.3d 375 (2014).

During Winter's cross-examination, defense counsel elicited testimony that Winter (1) had paid Ratley in cash for his work, (2) did not pay taxes on Ratley's wages, (3) did not provide tax forms to Ratley, and (4) had ceased Auto Tech's business operations. Defense counsel then questioned Winter regarding his filing of annual reports with the

Kansas Secretary of State's office. In so doing, counsel appeared to suggest that Auto Tech as a company had been "forfeited" based on Winter's failure to file its annual report. The State objected to the line of questioning on grounds that it was irrelevant. The district court allowed defense counsel to explore this issue, and Winter testified that he believed he had filed Auto Tech's annual report with the Secretary of State's office. Defense counsel then offered a document that purported to be an Auto Tech document from the Secretary of State's website. The State again objected on grounds of relevance, but the district court allowed counsel to show Winter the document in order to refresh his memory as to when Auto Tech had ceased operation. Winter expressed confusion about the document and ultimately testified that he had never received any notification that Auto Tech had been forfeited for failing to file a timely annual report.

Defense counsel continued this line of questioning by asking whether Auto Tech had been a limited liability company from 2005 to 2015 and whether Winter had filed annual reports with the Secretary of State's office. The State again objected on grounds of relevance. Outside the presence of the jury, defense counsel argued that Auto Tech's business practices associated with having an employee were relevant as to how Ratley was paid. The district court asked defense counsel how these business practices were relevant to the charges in this case. Defense counsel replied that "it goes to creating the whole picture of surrounding the interaction between Mr. Ratley and . . . Mr. Winter regarding his, his employment, judge." In limiting cross-examination on the subject, the district court judge stated, "Well, . . . I thoroughly believe that I try and allow defendants to present their case. But you have not shown me any relevance going any further into that. So it's sustained as to relevance when the jury comes back after break. Move on to something else."

Ratley claims that the district court's limitation on Winter's cross-examination violated his right to present a defense. Specifically, Ratley suggests that additional questioning about whether Winter's business had been forfeited for failing to file an

10

annual report would have been relevant to his credibility, which had already been called into question for failure to pay taxes on Ratley's wages. Ratley argues the issue of Winter's credibility was critical because no other witnesses supported Winter's claim that he told O'Reilly in February 2014 that Ratley was no longer authorized to make charges on Auto Tech's account.

But Ratley does not establish how any *additional* questioning about Winter's business practices would have been material or probative in the first instance. As it was, the jury already had heard evidence that Winter had paid Ratley in cash, that Winter did not file taxes on Ratley's wages, and that Auto Tech was no longer in operation. Defense counsel was able to question Winter about the filing of Auto Tech's annual reports. Winter testified that he believed he had always filed the reports and that he never received notice that Auto Tech had been forfeited due to the failure to file a report. Given the tenuous relationship between Winter's filing of the annual reports and the issue in the case, the district court did not exclude noncumulative, relevant evidence when it limited defense counsel during cross-examination of Winter on this subject.

But even if Ratley had established that the additional questioning about Winter's business practices was not cumulative and repetitive, the district court's decision to prohibit further questioning was not reversible error. Because Ratley is alleging the court's decision violated his constitutional right to present a defense, we review the alleged error under the constitutional harmless error standard. Under this standard, the State, as the party benefitting from the error, has the burden to establish beyond a reasonable doubt that the error "will not or did not affect the outcome of the trial in light of the entire record, *i.e.*, proves there is no reasonable possibility that the error affected the verdict." *State v. Ward*, 292 Kan. 541, 569, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The State has satisfied that burden. Based on the evidence presented to the jury in this matter, we find no reasonable possibility that the district court's decision

11

to prohibit additional questioning about Winter's questionable business practices affected the verdict.

Affirmed.