(154 P.3d 537)
No. 94,864

JERRY D. RICE, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed March 30, 2007.

*Richard Ney*, of Ney, Adams & Sylvester, of Wichita, for appellant.

*Michael A. Russell,* chief deputy district attorney, *Jerome A. Gorman,* district attorney, and *Phill Kline,* attorney general, for appellee.

Before ELLIOTT, P.J., CAPLINGER, J., and JOHNSON, Justice.

JOHNSON, J.: Jerry D. Rice appeals the district court's rulings in the proceedings instigated by a K.S.A. 60-1507 motion (1507 motion), in which Rice sought a new trial based on his claims of ineffective assistance of counsel and newly discovered evidence. We affirm the district court's denial of a new trial based on newly discovered evidence and affirm the district court's dismissal of the claims of trial counsel ineffectiveness, but reverse and remand for further proceedings with regard to the ineffective assistance of appellate counsel issue.

A jury convicted Rice of the first-degree murder of his wife, who disappeared in 1992 and whose body has never been found. See *State v. Rice,* 261 Kan. 567, 932 P.2d 981 (1997). Rice filed a direct appeal to the Supreme Court. During the pendency of that appeal, Rice requested that the case be remanded to the district court for a hearing upon his claim that trial counsel was constitutionally ineffective. The Supreme Court summarily granted the motion.

Following the evidentiary hearing and the district court's findings, the Supreme Court considered and ruled upon the merits of the ineffective trial counsel issue as part of Rice's direct appeal. The court found that trial counsel, who was licensed to practice in another jurisdiction, was unreasonably deficient for advising Rice not to testify, based upon the attorney's mistaken belief that Rice's testimony would automatically open the door for the introduction of evidence of Rice's prior convictions. However, the Supreme Court found that Rice had failed to establish that the error was reversibly prejudicial, *i.e.,* Rice did not show that a reasonable probability existed that the result of the trial would have been different if he had testified. *Rice,* 261 Kan. at 607-09. Rice's conviction was affirmed.

Rice apparently commenced post-conviction relief proceedings in both federal and State courts which are not germane to our inquiry. See, *e.g., State v. Rice,* 273 Kan. 870, 46 P.3d 1155 (2002) (affirming the district court's denial of a motion to correct an illegal

sentence). He filed the 1507 motion now before us in 2003. The motion alleged that new and substantial evidence had surfaced to establish his innocence. Specifically, he claimed that Michael Bornholdt had confessed to being with the victim when she died of an overdose and that two witnesses had sworn that they saw the victim in late 1992, after the alleged date of her murder. The motion also recited 42 instances of defective performance by trial counsel and argued the cumulative effect of trial counsel's errors and omissions denied Rice his constitutional right to effective assistance of counsel.

The district court found that the portion of the 1507 motion alleging ineffective assistance of trial counsel was an attempt to revisit an issue which had been previously litigated in the district court and affirmed on appeal. Accordingly, the district court dismissed that part of the motion. The court also denied Rice's motion to amend his 1507 motion to add a claim of ineffective assistance of appellate counsel.

The district court conducted an evidentiary hearing on the newly discovered evidence claim. The presiding judge on the 1507 motion had also presided over the jury trial and the remand hearing on the ineffective assistance of counsel issue. Rice abandoned the Bornholdt confession theory and relied solely on the witnesses claiming to have seen the victim alive after the date of her alleged murder.

Rice was permitted to file an offer of proof on his ineffective assistance of counsel claims. The filing noted that the proffer was not intended to be a contest on the merits but rather was to complete the record for appeal. The State filed a response to the proffer, to which Rice objected.

Eventually, the district court issued a memorandum decision in which it found that the evidence was not newly discovered because Rice knew about or should have known about the "new" witnesses' statements since 1994. Further, the court specifically found that none of the witnesses was "either reliable or persuasive" and noted that the "evidence did not vary in form or substance from that of the four (4) witnesses called by [Rice] at his trial who also claimed

to have seen the decedent after her death." In short, the court found that a new trial was not warranted.

## DISMISSAL OF INEFFECTIVE COUNSEL CLAIMS

### Standard of Review

Rice first contends that the district court erred in finding that the raising of a single issue of ineffective assistance of counsel on direct appeal precluded challenging other instances of deficient performance by trial counsel in a 1507 motion. The parties disagree on our review standard. We perceive a resolution of the question will require our interpreting K.S.A. 60-1507, Kansas Supreme Court Rule 183 (2006 Kan. Ct. R. Annot. 227), and prior cases, as well as considering the application of the doctrines of res judicata and issue preclusion. Thus, we will employ an unlimited review. See, *e.g.*, *State v. Bryan*, 281 Kan. 157, 159, 130 P.3d 85 (2006) (interpretation of a statute); *O'Keefe v. Merrill Lynch & Co.*, 32 Kan. App. 2d 474, 479, 84 P.3d 613, *rev. denied* 278 Kan. 846 (2004) (whether res judicata applies in a certain situation is an issue of law with an unlimited de novo review).

### Procedural Bars

The parties intertwine arguments on two general doctrines which preclude an imprisoned convict from invoking the remedy provided in K.S.A. 60-1507. The remedy cannot be used as a substitute for a direct appeal or as a second appeal, and 1507 motions cannot be employed successively.

Supreme Court Rule 183(c)(3) instructs the district courts that a 1507 motion "cannot ordinarily be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal." 2006 Kan. Ct. R. Annot. 228. Further, "where an appeal is taken from the sentence imposed and/or a conviction, the judgment of the reviewing court is res judicata as to all issues actually raised, and those issues that could have been presented, but were not presented, are deemed waived." *State v. Neer*, 247 Kan. 137, 140-41, 795 P.2d 362 (1990). However, the impact of that preclusion is softened by the exception in Supreme Court Rule 183(c)(3) which states that "trial errors affecting constitutional rights may be

raised [in a 1507 motion] even though the error could have been raised on appeal, provided there were exceptional circumstances excusing the failure to appeal." 2006 Kan. Ct. R. Annot. 228.

The second procedural bar deals with the filing of multiple 1507 motions and is addressed in Supreme Court Rule 183(d):

"The sentencing court shall not entertain a second or successive motion for relief on behalf of the same prisoner, where (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application." 2006 Kan. Ct. R. Annot. 228.

In addition, claims of ineffective assistance of counsel are procedurally unique. "An allegation of ineffective assistance of counsel will not be considered for the first time on appeal." *State v. Van Cleave*, 239 Kan. 117, 119, 716 P.2d 580 (1986); see *State v. Gleason*, 277 Kan. 624, 647, 88 P.3d 218 (2004). Generally, "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995).

Thus, to avoid the delay associated with a collateral proceeding, our Supreme Court established an alternative procedure to allow for a resolution of an ineffective assistance of counsel claim in the direct appeal while accommodating the need for trial court fact-finding. Specifically, in the direct appeal, an appellant can move for a remand to the trial court for the purpose of determining the effectiveness of trial counsel. The district court's findings are then utilized by the appellate court to review the ineffective assistance of counsel issue in the direct appeal. *Van Cleave*, 239 Kan. at 119-20; see *State v. Mann*, 274 Kan. 670, 691-92, 56 P.3d 212 (2002).

As Rice points out, however, despite the *Van Cleave* remand mechanism, our courts have occasionally skirted the requirement that appellate review of a trial attorney's performance must be preceded by a trial court determination of the issue. For example, in *State v. Carter*, 270 Kan. 426, 433, 14 P.3d 1138 (2000), our Supreme Court addressed defendant's ineffective assistance of counsel claim on direct appeal, stating:

"As a general rule, we would not consider a defendant's assertion of ineffective assistance of counsel before the trial court has had an opportunity to assess the performance of counsel. See *Chamberlain v. State*, 236 Kan. 650, 659, 694 P.2d 468 (1985). However, such assessment by the trial court is not necessary where the record on appeal is sufficiently complete for this court to decide the issue in a direct appeal. Here, the acts of counsel that Carter relies on are not disputed and are clearly reflected in the record. It would serve no purpose to remand to resolve the issue. The record on appeal is sufficient for this court to consider Carter's constitutional claims, including ineffective assistance of counsel."

*Application of the Kansas Rules*

First, we reject the State's suggestion that Rice's motion to remand for a *Van Cleave* hearing in the direct appeal is to be construed as a 1507 motion, triggering the successive motions provisions of Supreme Court Rule 183(d). Rice filed the remand motion in the criminal case, before his conviction and sentence became final. See *State v. Heath*, 222 Kan. 50, 54, 563 P.2d 418 (1977) (conviction not final until appeal exhausted and time for rehearing or final review has passed). The Supreme Court retained jurisdiction of Rice's direct criminal appeal during the remand. See *State v. Orr*, 262 Kan. 312, 316, 940 P.2d 42 (1997) (appellate court retains jurisdiction over an appeal when a case is remanded pursuant to *Van Cleave*). Although the subject of the remand hearing was one ordinarily handled in a 1507 motion, the proceedings were nevertheless part and parcel of the direct criminal appeal. Therefore, the remand hearing did not cause Rice's current 1507 motion to be a "second or successive motion for relief," as contemplated in Supreme Court Rule 183(d).

On the other hand, the remand hearing permitted Rice to litigate his claim of ineffective assistance of trial counsel on direct appeal. As the district court noted, Rice "had his day in court on that issue." Supreme Court Rule 183(c)(3) precludes Rice's use of a 1507 motion to effect a second appeal on the same issue. See *Maggard v. State*, 27 Kan. App. 2d 1060, 1064, 11 P.3d 89, *rev. denied* 270 Kan. 899 (2000) (finding trial court correctly denied 1507 motion as to issues that were considered and resolved in defendant's direct appeal).

Rice relies principally on the Tenth Circuit holding that a direct appeal adjudication of an ineffective assistance of counsel claim does not procedurally bar another ineffective assistance of counsel claim under 28 U.S.C. § 2255, where new reasons are advanced to support the claim. *Galloway*, 56 F.3d at 1242-43. Rice also contends that the mandate remanding the case to the district court for the ineffective assistance of counsel hearing restricted that proceeding to the specific instance set forth in the remand motion.

The latter argument is unavailing. The precedent cited, dealing with the district court's duty to limit its action in strict compliance with an appellate court's mandate, is simply not applicable here. *Cf. State v. Downey*, 29 Kan. App. 2d 467, 470-71, 27 P.3d 939, *rev. denied* 272 Kan. 1421 (2001) (following the direct appeal, trial court's jurisdiction upon remand is limited to compliance with the mandate from the Court of Appeals; mandate compelled the trial court to resentence defendant). The Supreme Court summarily granted the motion for remand on the issue of ineffectiveness of trial counsel and did not purport to restrict the evidence which the district court could entertain.

Rice's argument that Kansas should adopt the Tenth Circuit rule is founded upon the *Galloway* decision and its citation to *Massaro v. United States*, 538 U.S. 500, 155 L. Ed. 2d 714, 123 S. Ct. 1690 (2003). In *Massaro*, the Supreme Court held that an ineffectiveness claim may be brought in a collateral proceeding under 28 U.S.C. § 2255, regardless of whether the petitioner could have raised the claim on direct appeal. 538 U.S. at 504. *Galloway* built upon that holding and explained:

"The rule in this circuit, then, is that claims of constitutionally ineffective counsel should be brought on collateral review, in the first petition filed under 28 U.S.C. § 2255. Some rare claims which are fully developed in the record may be brought either on direct appeal or in collateral proceedings. No procedural bar will apply to claims which could have been brought on direct appeal but were brought in post-conviction proceedings instead. And, the fact that an ineffectiveness claim is raised and adjudicated on direct appeal will not procedurally bar an ineffectiveness claim in a proceeding under 28 U.S.C. § 2255, where new reasons are advanced in support of that claim. It should go without saying that the *identical* reasons in support of ineffectiveness cannot be litigated twice. That is prevented by the doctrine of issue preclusion." *Galloway*, 56 F.3d at 1242-43.

*Galloway* recognized that an ineffectiveness claim could be viewed as a unitary issue, notwithstanding the number of separate reasons advanced in support of the claim, and that such a unitary claim should not be split between two proceedings. However, the circuit court opined that "[t]he problem with these reasons, and procedural bar, is that they are absurdly easy to circumvent on the one hand, and painfully labor intensive to sort through and apply on the other." 56 F.3d at 1241. The court noted that the "usual tactic to force a second review is to claim in a post-conviction proceeding that appellate counsel was ineffective for failing to advance all possible reasons showing why trial counsel was ineffective." 56 F.3d at 1241.

Some of the rationale for the *Galloway* rule would recommend it for our use, *e.g.*, simplicity of application. However, although Rice appears to do so, we cannot ignore that our *Van Cleave* mechanism, allowing for a trial court evidentiary hearing during the direct appeal, has no counterpart in the federal system. The State urges us to find that distinction dispositive, and we are persuaded that it is.

*Galloway* reaffirmed and reemphasized that ineffective assistance of counsel claims should be brought in collateral proceedings and that such claims brought on direct appeal are "presumptively dismissible." 56 F.3d at 1240. The opinion noted the self-evident need to develop a factual record and to allow the allegedly ineffective counsel an opportunity to explain his or her reasoning and actions. The court noted that the district court's views are a valuable aid to appellate review, especially where the "district court is familiar with the proceedings and has observed counsel's performance, in context, firsthand." 56 F.3d at 1240.

Here, unlike the *Galloway* circumstance in which the appellate court was reviewing counsel's effectiveness from the bare record, Rice had an opportunity to put on evidence relative to his attorney's performance, or lack thereof. In ruling on the 1507 motion, the district judge, who had presided over Rice's trial and remand hearing, found that Rice "was allowed to present all the evidence he wanted to present with no limit, that is, the means by which he thought his counsel was ineffective."

In other words, after the *Van Cleave* remand for an evidentiary hearing, Rice was in the same circumstance as a federal litigant who had already utilized his or her first petition for post-conviction relief under 28 U.S.C. § 2255. In that circumstance, the federal courts would employ the doctrines of successiveness and abuse of writ "to prevent further attempts to litigate ineffectiveness claims." 56 F.3d at 1243.

In his reply brief, Rice contends that even if we find a procedural bar applicable, his case presented the exceptional circumstances contemplated by Supreme Court Rule 183(c)(3). Specifically, Rice asserts "there are exceptional circumstances that exist in this case that would excuse the failure to raise the additional claims of trial counsel's ineffectiveness on direct appeal, *i.e.*, appellate counsel was ineffective in failing to raise these issues on direct appeal." Apparently, Rice is arguing that his attorney's failure to raise additional claims should excuse his failure to raise additional claims. We reject that circuitous logic.

We recognize *Galloway's* suggestion that such a tactic is often employed to get a second analysis of trial counsel's performance under the guise of determining whether an effective appellate attorney should have included the newly asserted instances of ineffectiveness. However, we perceive that the analyses of trial performance and of appellate performance need not be identical. Although an experienced criminal defense attorney might testify that trial counsel was ineffective for failing to call more than one witness in surrebuttal, an experienced appellate attorney might testify that it would not have been ineffective to forego including that claim on appeal because of its potential for diverting the reviewing court's attention from much more meritorious arguments. Indeed, in this case, appellate counsel successfully obtained a finding of ineffectiveness, without raising the 35 complaints that Rice now makes.

In summary, we find that, when an appellant effects a *Van Cleave* remand during the direct appeal for the purpose of adjudicating the effectiveness of trial counsel, the appellant is procedurally barred from relitigating the effectiveness of trial counsel in a 1507 motion, absent exceptional circumstances. The failure of

appellate counsel to assert a particular allegation of deficient trial counsel performance will not per se constitute an exceptional circumstance permitting relitigation of the effectiveness of trial counsel. Any claim of ineffective assistance of appellate counsel must be viewed from the perspective and in the context of the appeal.

## DENIAL OF AMENDMENT

Rice sought to amend his 1507 motion to assert that, in the event the district court found that he was barred from raising additional instances of trial counsel's ineffectiveness, his appellate counsel was ineffective for failing to raise all of the ineffectiveness claims on direct appeal. The district court denied the motion, finding that Rice did not have a constitutional right to effective assistance of counsel during the remand, precluding an ineffectiveness claim.

Ordinarily, we imbue the trial court with broad discretionary power to grant or deny the amendment of pleadings and will not find reversible error " 'unless it affirmatively appears that the amendment allowed or denied is so material it affects the substantial rights of the adverse party.' " *Clevenger v. Catholic Social Service of the Archdiocese of Kansas City*, 21 Kan. App. 2d 521, 524, 901 P.2d 529 (1995) (quoting *Rowland v. ValAgri, Inc.*, 13 Kan. App. 2d 149, Syl. ¶ 1, 766 P.2d 819 [1988]). However, in this case, the district court did not exercise its discretion. Rather, the court concluded that Rice had no ineffective assistance of appellate counsel claim as a matter of law. Therefore, our review includes a legal question. See *Koon v. United States*, 518 U.S. 81, 100, 135 L. Ed. 2d 392, 116 S. Ct. 2035 (1996) (abuse of discretion standard includes review to determine whether discretion guided by erroneous legal conclusions).

The State contends the issue is whether Rice's attorney was acting as appellate counsel at the remand hearing or "in a role similar to post conviction counsel." While acknowledging that a criminal defendant has the right to effective assistance of counsel at all critical stages, the State points out that habeas corpus proceedings and 1507 motions are civil in nature and are not subject to the constitutional right to counsel. Therefore, the State concludes, Rice cannot claim ineffective assistance of counsel at the remand hearing

because the subject of the hearing was one that is normally raised in a post-conviction proceeding. Apparently, the State believes that Rice's right to counsel was suspended for a time during the pendency of his direct criminal appeal. Interestingly, the State appears to assert that the suspension commenced at the remand hearing, rather than upon the filing of the motion for remand.

We can provide a quick and simple answer to the State's arguments. The hearing on the effectiveness of Rice's trial counsel did not occur in a habeas corpus proceeding or pursuant to a 1507 motion. At the time of the hearing, the case was styled as a criminal prosecution, carried a criminal case number, and was, in fact and actuality, a criminal case. That criminal case was not final. See *Heath*, 222 Kan. at 54. The Supreme Court was retaining jurisdiction of the direct criminal appeal. See *Orr*, 262 Kan. at 316.

The fact that a particular issue being litigated in a criminal case may be one that is most often seen in a proceeding designated as civil in nature does not temporarily transform the criminal case into a civil case and does not suspend a defendant's constitutional rights. Accordingly, we reject the district court's ruling that Rice's Sixth Amendment right to counsel was inapplicable to the *Van Cleave* remand hearing.

Because the district court denied Rice's motion to amend based upon an erroneous legal conclusion, it did not exercise the discretion with which it is invested. Therefore, we deem it appropriate to remand the case to the district court to permit it to rule on the amendment request with a clear understanding of the applicable law. In doing so, we resist the temptation to consider whether an appellate counsel who obtains a ruling that trial counsel was ineffective has nevertheless performed deficiently by failing to establish multiple bases for the ineffectiveness ruling. We leave the initial determination of that question to the district court, in the event it exercises its discretion to grant Rice's request for an amendment.

## SPECIFIC INSTANCES OF TRIAL COUNSEL INEFFECTIVENESS

Rice sets forth 23 instances of trial counsel's deficient performance which he argues are sufficiently supported by the record to permit us to review them on the merits for the first time on appeal.

He then lists 12 additional allegations of ineffectiveness which he contends warranted an evidentiary hearing below.

Summary denial of a 1507 motion is appropriate if the motion, files, and records conclusively show that movant is not entitled to relief. K.S.A. 60-1507(b). Having found that the district court correctly determined that Rice was procedurally barred from relitigating the issue of his trial counsel's effectiveness, we can declare that Rice was not entitled to relief without considering Rice's specific allegations.

*NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE*

Rice sought a new trial based upon newly discovered evidence which supported two defense theories. On the one hand, Rice submitted evidence that an inmate, Michael Bornholdt, admitted being with the victim in August 1993 when she died of an overdose and Bornholdt disposed of the body. Alternatively, and perhaps inconsistently, Rice proffered the testimony of witnesses who had seen the victim alive on various occasions after the alleged murder and after the purported overdose. Apparently, before the district court ruled upon the new trial request, Rice withdrew his claims relating to Bornholdt and proceeded on the basis that new witnesses had been discovered who had seen the victim alive.

A two-part test is applied in deciding a motion for a new trial based on newly discovered evidence: (1) The defendant must show that the newly proffered evidence could not have been produced at trial with reasonable diligence; and (2) the newly discovered evidence is of such materiality that a reasonable probability exists that it would produce a different result upon retrial. *State v. Harris*, 279 Kan. 163, 176, 105 P.3d 1258 (2005).

In its memorandum decision, the trial court found that none of Rice's witnesses were persuasive and that their testimony was not reliable. We grant the trial court a great deal of deference in assessing witness credibility.

The court also noted that the defense had called witnesses at trial who also claimed to have seen the victim alive after her alleged killing. In other words, the "new" witnesses did not present "new"

evidence. The decision also noted that the new witnesses were friends, acquaintances, or former employees of Rice or his sister.

Therefore, the district court found that Rice had failed to meet his burden of establishing that a reasonable probability existed that the additional witnesses would have produced a different result at a retrial. That finding is supported by the record.

Affirmed in part, reversed in part, and remanded.