NOT DESIGNATED FOR PUBLICATION

No. 115,775

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JOSEPH LEE ALLEN,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; RICHARD D. ANDERSON, judge. Opinion filed December 8, 2017. Affirmed in part and dismissed in part.

*Joseph Lee Allen*, appellant pro se.

*Jodi Litfin*, deputy district attorney, *Michael F. Kagay*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., LEBEN, J., and KEVIN P. MORIARTY, District Judge, assigned.

PER CURIAM: Joseph Lee Allen was convicted of attempted first-degree murder and criminal possession of a firearm. He filed a direct appeal with this court, alleging ineffective assistance of trial counsel. We remanded the case for a hearing on his claims pursuant to *State v. Van Cleave*, 239 Kan. 117, 716 P.2d 580 (1986). Following an evidentiary hearing, where Allen appeared pro se, the district court denied Allen's numerous ineffective assistance of counsel claims. This court affirmed the district court's ruling. Allen subsequently filed a motion for relief under K.S.A. 60-1507, raising several

1

trial errors and claims relating to the ineffectiveness of trial and appellate counsel. Allen appeals the district court's summary denial of his motion.

FACTS

The relevant facts relating to Allen's convictions are set forth in this court's opinion in *State v. Allen*, No. 101,367, 2010 WL 3636269 (Kan. App. 2010) (unpublished opinion) (*Allen I*):

"Wayne 'Squirt' Brandon, Jr., was shot in front of his home sometime between 9:35 and 9:55 p.m. Immediately after the shooting, Brandon identified Allen as the shooter and informed police that Allen drove a white Cadillac.

"At trial, Brandon again identified Allen as the shooter. Several of Brandon's neighbors testified they heard gunshots but did not see the shooting or see Allen or his white Cadillac in the area of the shooting. Russell Marshall, who was incarcerated with Allen after the shooting, testified Allen admitted he shot Squirt, and gave Marshall a letter to deliver to Squirt in which Allen offered Squirt 'a thousand dollars and a Cadillac if he didn't show up for court.'

"Allen admitted writing two letters to Brandon offering him money, but maintained the letters were counteroffers in response to Brandon's attempt to extort an even larger sum of money from Allen. Allen denied giving Marshall a letter for Brandon or telling Marshall he shot Brandon.

"Allen maintained he was at an auto auction at I-70 and Valencia Road on the night of the shooting. The auction's general manager, Daniel Carlson, testified that bidding ended around 9:30 p.m., but customers did not leave immediately after the bidding. Further, according to Carlson, it normally would take 15 or 20 minutes to drive from the auction site to the area of Brandon's home.

"Allen testified that when he left the auction at 9:50 p.m., he went to James Lewis' home. According to defense witnesses, Allen left the auction sometime between 9:45 and 10:30 p.m., and arrived at Lewis' home between 10 and 11:30 p.m.

"A jury found Allen guilty of aggravated battery, an alternative count of attempted first-degree murder, and criminal possession of a firearm.

. . . .

2

"Before sentencing, Allen . . . sent correspondence to the district court . . . alleg[ing] his trial counsel was ineffective for failing to subpoena witnesses, object to evidence admitted at trial, cross-examine witnesses, or communicate with Allen. Finally, Allen claimed he told [trial counsel] on several occasions he did not want [trial counsel] to represent him at trial.

"At sentencing, Allen essentially read his letter to the court into the record and reiterated his allegations regarding [trial counsel]'s ineffectiveness. Ultimately, the district court . . . imposed a standard presumptive prison sentence of 586 months for the attempted murder conviction, a concurrent standard sentence of 8 months for the firearm conviction, and a postrelease supervision period of 36 months." 2010 WL 3636269, at *1-2.

Gerald Wells was appointed to represent Allen on direct appeal to this court. On appeal, Allen claimed he received ineffective assistance of trial counsel and sought remand to the district court for a *Van Cleave* hearing. A panel of this court agreed that a *Van Cleave* hearing was necessary to develop the facts and evidentiary record regarding Allen's ineffective assistance of counsel claims and remanded the case to the district court for that purpose. *Allen I*, 2010 WL 3636269, at *3.

On remand, the judge who presided over Allen's original criminal trial conducted the *Van Cleave* hearing. Allen, appearing pro se with help from "standby counsel," offered testimony from several witnesses. Thereafter, the district court issued a detailed memorandum decision and order denying Allen's multiple claims of ineffective assistance of counsel. Once again, Wells was appointed to represent Allen on appeal, where a panel of this court affirmed the district court's ruling. *State v. Allen*, No. 110,353, 2014 WL 6775823 (Kan. App. 2014) (unpublished opinion) (*Allen II*).

On July 31, 2015, and August 13, 2015, Allen filed two pro se motions for relief under K.S.A. 60-1507, raising multiple trial errors and claims of ineffective assistance of

trial and appellate counsel. The district court summarily denied Allen's motions in a lengthy and detailed memorandum decision and order. Allen timely appeals.

ANALYSIS

In order to be granted relief under K.S.A. 60-1507, Allen must establish by a preponderance of the evidence one of the following: (1)"the judgment was rendered without jurisdiction"; (2) "the sentence imposed was not authorized by law or is otherwise open to collateral attack"; or (3) "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 2016 Supp. 60-1507(b); see Supreme Court Rule 183(g) (2017 Kan. S. Ct. R. 222).

A district court has three options when handling a K.S.A. 2016 Supp. 60-1507 motion:

> "'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citation omitted.] " *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

The standard of review depends upon which of these options a district court uses. When the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. 300 Kan. at 881.

4

To avoid the summary denial of his K.S.A. 60-1507 motion, Allen must establish he is entitled to an evidentiary hearing. This burden requires Allen's assertions be more than conclusory statements. He must either set forth an evidentiary basis to support his assertions or his basis must be evident from the record. If such a showing is made, the court is required to hold a hearing unless the motion is a second or successive motion seeking similar relief. 300 Kan. at 881.

Allen's K.S.A. 60-1507 motion alleged both trial errors and claims of ineffective assistance of counsel. Absent exceptional circumstances, "[a] proceeding under K.S.A. 60-1507 ordinarily may not be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal." Supreme Court Rule 183(c)(3). Additionally, in a K.S.A. 60-1507 proceeding the district court is not required to entertain a second or successive motion for similar relief on behalf of the same prisoner. K.S.A. 2016 Supp. 60-1507(c); see *State v. Trotter*, 296 Kan. 898, 904, 295 P.3d 1039 (2013); Supreme Court Rule 183(d). A movant in a 60-1507 motion is presumed to have set forth all grounds for relief. Also a movant is prohibited from presenting any claims that could have been raised in a prior motion. *Trotter*, 296 Kan. 898, Syl. ¶ 2 ("[A] subsequent motion need not be considered in the absence of a showing of circumstances justifying the original failure to list a ground."). Accordingly, a district court may dismiss a second or successive motion unless exceptional circumstances justify considering it. See 296 Kan. at 904; *State v. Kelly*, 291 Kan. 868, 872, 248 P.3d 1282 (2011); Supreme Court Rule 183(c). Although Allen had not filed a K.S.A. 60-1507 motion prior to the current motions at issue, he did raise numerous claims of ineffective assistance of counsel during the *Van Cleave* proceedings. Typically these claims are raised in K.S.A. 60-1507 motions. Thus, the rule regarding successive motions is applicable here. Allen must therefore show exceptional circumstances in order to warrant review of the issues raised in his motions.

Generally, exceptional circumstances are unusual events or intervening changes in the law that prevent a defendant from being able to raise all of the claimed errors in the prior proceeding. *Wimbley v. State*, 292 Kan. 796, Syl. ¶ 1, 275 P.3d 35 (2011). Allen asserts that the exceptional circumstance in this case was Wells' ineffectiveness in failing to raise the present issues in either *Allen I* or *Allen II*. See *Rowland v. State*, 289 Kan. 1076, 1087, 219 P.3d 1212 (2009) (exceptional circumstances can include ineffective assistance of counsel).

To establish ineffective assistance of appellate counsel, Allen must show that (1) counsel's performance, based upon the totality of the circumstances, was deficient in that it fell below an objective standard of reasonableness and (2) he was prejudiced to the extent that there is a reasonable probability that, but for counsel's deficient performance, the appeal would have been successful. *Miller v. State*, 298 Kan. 921, 930-31, 934, 318 P.3d 155 (2014). Judicial scrutiny of counsel's performance in a claim of ineffective assistance of counsel is highly deferential and requires consideration of all the evidence before the judge or jury. The reviewing court must strongly presume that counsel's conduct fell within the broad range of reasonable professional assistance. *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014). The failure of appellate counsel to raise an issue on appeal is not, per se, ineffective assistance of counsel. *Laymon v. State*, 280 Kan. 430, 439-40, 122 P.3d 326 (2005); see *Rice v. State*, 37 Kan. App. 2d 456, 465, 154 P.3d 537 (2007) ("Any claim of ineffective assistance of appellate counsel must be viewed from the perspective and in the context of the appeal.").

Allen argues that Wells was ineffective in multiple ways that can be summarized as follows. First, Allen alleges that Wells failed to raise several trial errors in his original direct appeal to this court in *Allen I*. Second, Allen contends that following the *Van Cleve* proceedings, Wells failed to raise several allegations relating to trial counsel's ineffectiveness in his appeal to this court in *Allen II*.

6

1. *Direct appeal:* Allen I

The trial errors that Allen claims were improperly abandoned by Wells are set forth in two separate sections in Allen's brief: "Abandoned Trial Errors" and "Appellant Additional Issues."

a. *Abandoned trial errors*

Allen argues that Wells was ineffective for failing to raise the following issues on direct appeal: (1) the district court erred in failing to instruct the jury on informant testimony; (2) the district court erred in admitting K.S.A. 60-455 evidence; (3) trial counsel failed to present argument on a motion for judgment of acquittal; (4) the prosecutor committed misconduct by arguing facts not in evidence, commenting on witness credibility, and committing a *Doyle* violation; (5) the district court erred in denying his motion for new trial based on newly discovered evidence; and (6) cumulative error. See *Doyle v. Ohio*, 426 U.S. 610, 618-19, 96 S. Ct. 2240, 49 L. Ed. 2d 91 (1976).

Allen did not raise these issues in his K.S.A. 60-1507 motion. It is well accepted that issues not raised before the trial court cannot generally be raised for the first time on appeal. See *Kelly*, 298 Kan. at 971. This includes constitutional grounds for reversal. *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015). Moreover, an appeal from the denial of a 60-1507 motion generally cannot be used as a platform for raising an entirely new issue. See *Trotter v. State*, 288 Kan. 112, 127-28, 200 P.3d 1236 (2009). Allen concedes that the specific issues raised as abandoned trial errors were "not completely clear" in his 1507 motion but suggests that these issues may still be reviewed because he raised them "in an oblique way" by arguing that Wells abandoned viable issues on direct appeal.

7

But even a liberal reading of Allen's 1507 motion fails to establish that he properly preserved these arguments below. "Under extraordinary circumstances an appellate court may consider a claim of ineffective assistance of counsel for the first time on appeal if there are no factual issues and the two-prong ineffective assistance of counsel test can be applied as a matter of law based upon the appellate record." *Trotter*, 288 Kan. 112, Syl. ¶ 11. Here, a number of factual issues regarding Wells' failure to raise these issues on direct appeal remain unresolved, leaving this court unable to apply the two-prong ineffective assistance of counsel test as a matter of law. The lack of any factual findings made at the district court level is detrimental to Allen's claim of ineffective assistance of counsel with respect to these issues. Because they are not properly before us for review, Allen's abandoned trial errors should be dismissed.

b. *Appellant's additional issues*

Allen argues that Wells was ineffective for only raising the issue of ineffective assistance of counsel in *Allen I*, thereby failing to raise the following additional arguments: (1) the district court erred in failing to issue an alibi jury instruction, (2) the evidence was insufficient to support his conviction for attempted first-degree murder, (3) the district court erred in failing to instruct the jury on severity level 7 aggravated battery, (4) Allen's due process rights were violated by the "alleg[ed] disappearance of the white Cadillac" video, and (5) the prosecutor committed misconduct by introducing perjured testimony at trial. Allen raised these issues in his 1507 motion, so they are properly before us for review.

(1) *District court's failure to issue an alibi instruction*

Allen contends that Wells was ineffective for failing to argue that the district court should have sua sponte issued an alibi instruction, claiming that such an instruction was mandatory and was otherwise "needed to balance out the eyewitness instruction."

8

But a "'separate instruction on the defense of alibi is not required where adequate and proper instructions are given on the elements of the crime charged and on the prosecution's burden to prove guilt beyond a reasonable doubt.' [Citations omitted.]" *Jenkins v. State*, 32 Kan. App. 2d 702, 708, 87 P.3d 983 (2004). Allen does not allege any defect in the instructions on the elements of the crimes charged or on the State's burden to prove guilt beyond a reasonable doubt. The record indicates the jury was properly instructed in this regard. As a result, Wells' failure to raise this argument cannot be considered deficient.

### (2) *Sufficiency of the evidence for attempted first-degree murder*

Allen argues his conviction for attempted first-degree murder should be set aside because the State failed to prove he intended to kill Brandon. Allen states that Wells was ineffective for failing to address this issue properly. Allen claims the evidence presented at trial only supports a conviction for aggravated battery.

But Allen does not set forth any persuasive argument to undermine the jury's finding that he acted with the intent to kill Brandon. Allen's argument, as presented in his brief, is simply an invitation to reweigh the evidence, which this court cannot do. See *State v. Dunn*, 304 Kan. 773, 822, 375 P.3d 332 (2016). Therefore, it cannot be said that Wells' failure to raise this issue on appeal was deficient.

### (3) *Lesser included offense instruction*

Allen alleges that Wells should have argued that the district court erred by failing to instruct the jury on a lesser included offense of aggravated battery.

The jury convicted Allen of severity level 4 aggravated battery, defined as "[i]ntentionally causing great bodily harm to another person." K.S.A. 21-3414(a)(1)(A).

Allen claims the court should have instructed the jury on severity level 7 aggravated battery, which criminalizes "intentionally causing bodily harm to another person with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted." K.S.A. 21-3414(a)(1)(B). The distinction between the two crimes is whether Allen intentionally caused *great* bodily harm or merely caused bodily harm.

Whether the district court erred in failing to give a lesser included instruction turns on whether the instruction is both legally and factually appropriate. See *State v. Soto*, 301 Kan. 969, Syl. ¶ 9, 349 P.3d 1256 (2015). A severity level 7 aggravated battery is a lesser included offense of a severity level 4 aggravated battery, so the instruction would have been legally appropriate. *State v. Williams*, 295 Kan. 506, 521, 286 P.3d 195 (2012). Allen suggests that the instruction was also factually appropriate because the evidence presented at trial indicated that Brandon was shot only one time, meaning that Allen merely caused bodily harm. "Whether there is evidence in the case to support the giving of a lesser included instruction is a determination to be made by the trial court. If there is evidence that the harm was slight, trivial, moderate, or minor, then the trial court must give a lesser included instruction." *State v. Brice*, 276 Kan. 758, 774, 80 P.3d 1113 (2003). Allen presents no support for his conclusory assertion that Brandon's injuries were slight, trivial, moderate, or minor. Mere conclusory allegations without an evidentiary basis will not support an ineffective assistance of counsel claim. *Holt v. State*, 290 Kan. 491, 496, 232 P.3d 848 (2010). Wells' failure to raise this argument in *Allen I* cannot be considered deficient. More importantly, the trial testimony of the surgeon, Dr. Brent Steward, who provided care to the victim, stated the victim had a gunshot wound to the chest. Dr. Steward testified the injuries to the victim were life threatening and the bullet was lodged "within the bone of—the vertebral bone of the spine." It was not until three or four weeks after the shooting before the doctor believed the victim was no longer in a life threatening position. Additionally, Dr. Steward testified the victim had been in a coma for weeks.

Clearly, a severity level 7 aggravated battery instruction should not have been given to the jury with these facts.

### (4) *Alleged disappearance of the white Cadillac video*

Allen claims that Wells was ineffective in failing to address any issues relating to the alleged disappearance of a video purporting to show a white Cadillac leaving the scene of the crime. Allen asserts that his due process rights were violated because this video was not admitted into evidence.

As discussed by the district court, the videotape issue was thoroughly litigated during the *Van Cleave* proceedings. There, the district court held:

> "[A]s noted by Allen's counsel, the disappearance of the videotape was not particularly significant. Therefore, counsel's decision not to try to do more about the lack of videotape evidence at trial which admittedly contained no evidence contrary to Officer Jepson's testimony was strategically sound. After all, Officer Jepson had already testified multiple times that he was positive that the white Cadillac in the tape was not the white Cadillac the State alleged Allen drove. Admitting to the jury that there was a potential videotape that no longer existed could not have helped Allen's defense. Therefore, Allen cannot establish prejudice from the jury's inability to view the tape or the lack of an explanation regarding the missing tape. Further, Allen has not established prejudice since he did not present evidence at the hearing that would show the tape was destroyed in bad faith or would otherwise have impacted the jury's verdict."

Given the district court's previous findings regarding the videotape, it cannot be said that Wells was ineffective in failing to raise this issue on appeal.

(5) *Prosecutorial misconduct*

Allen contends that Wells was ineffective for failing to argue that the prosecutor committed misconduct by introducing perjured testimony at trial.

Again, this issue was considered and rejected by the district court following the *Van Cleave* proceedings. There, the court concluded: "At the evidentiary hearing, Allen failed to present any evidence of the prosecutor's knowing solicitation of perjured testimony. Thus, Allen cannot show that his due process rights were violated, and his prosecutorial misconduct claim must fail on the merits."

Allen provides no support for his conclusory argument that the prosecutor knowingly introduced perjured testimony at trial. As a result, Wells' failure to make this argument on appeal was not ineffective. See *Holt*, 290 Kan. at 496.

2. *Appeal following* Van Cleave *proceedings*:  Allen II

Allen next sets forth several issues relating to Wells' failure to raise certain arguments, following the *Van Cleave* proceedings, relating to trial counsel's ineffectiveness. Because Allen proceeded pro se at the evidentiary hearing, the relevant question is whether he provided a sufficient evidentiary basis for Wells to proceed on these claims. Allen presented some, but not all, of these issues during the *Van Cleave* hearing. Allen cannot expect Wells to raise issues on this appeal that were not preserved by Allen at his *Van Cleave* hearing.

a. *Issues presented during* Van Cleave *proceedings*

Allen argues that Wells was ineffective for not challenging trial counsel's:  (1) failure to cross-examine Officer Jepson about the white Cadillac video; (2) failure to present the jury with an unredacted interrogation video of Allen's interview with

Detective Troy Willard; (3) failure to cross-examine Ed Brock on certain issues; (4) failure to investigate and present the testimony of Lester McDonald, Corey Lewis, and Pam Hazlett; (5) decision to admit into evidence a group photo of Allen and his relatives; and (6) failure to file a motion to suppress State's Exhibit 31. The district court rejected these arguments following the *Van Cleave* hearing.

When a criminal defendant's claims regarding ineffective assistance of counsel have been previously adjudicated through a *Van Cleave* evidentiary hearing, that defendant "is procedurally barred from relitigating the effectiveness of trial counsel in a 1507 motion, absent exceptional circumstances." *Rice*, 37 Kan. App. 2d at 464. In denying Allen's 1507 motion, the district court discussed each of these arguments in its lengthy and well-reasoned memorandum decision and order, finding that Allen had failed to establish a sufficient evidentiary basis at the *Van Cleave* hearing to support his claims and had otherwise failed to show that the district court's prior ruling was in error.

Allen's conclusory arguments in his brief are no different from those raised during the *Van Cleave* proceedings, and he has not offered any evidence or support to establish the *Van Cleave* court's rulings were in error. Because Allen failed to establish an evidentiary basis for these claims, Wells' failure to raise these arguments in *Allen II* cannot be considered deficient. See *Holt*, 290 Kan. at 496.

b. *Issues not presented during* Van Cleave *proceedings*

Finally, Allen argues that Wells was ineffective in not challenging trial counsel's failure to: (1) investigate or present testimony from the emergency responders who arrived on scene to care for Brandon, (2) cross-examine the doctor who cared for Brandon, (3) file a pretrial motion to prevent the State from introducing evidence of Patricia Sanders' criminal history, (4) request an alibi instruction, (5) hire a trajectory

13

expert, and (6) impeach Brandon through use of his criminal history and evidence that Brandon sent his father to federal prison.

With respect to the first issue listed above, Allen listed the emergency responders as potential witnesses in his 1507 motion, but he did not present any argument thereafter relating to these witnesses. Notably, the district court did not address this issue in its memorandum decision and order. Because this argument is being raised for the first time on appeal, the district court made no factual findings from which we may evaluate Wells' failure to raise this issue in *Allen II*. See *Trotter*, 288 Kan. 112, Syl. ¶ 11. As a result, this issue is not properly before us for review and may be dismissed.

As for the remaining issues, the burden was on Allen—as a pro se litigant—to develop an evidentiary record at the *Van Cleave* hearing. The district court noted, and Allen appears to concede, that he did not present any of these issues at the hearing. Given Allen's failure to address these issues at the *Van Cleave* hearing, Wells could not have raised them in *Allen II*. Allen offers no other exceptional circumstance which would warrant this court's consideration of these issues.

CONCLUSION

Allen failed to raise many of his current arguments in his 1507 motion. These claims are not properly before us for review and may be dismissed. See *Trotter*, 288 Kan. at 127-28. With respect to Allen's remaining arguments that were raised in his 1507 motion, they involve mere trial errors and ineffective assistance of counsel claims that were similar to claims raised during the *Van Cleave* proceedings. Thus, Allen had to show exceptional circumstances to warrant review of the claims raised in his motion. See K.S.A. 2016 Supp. 60-1507(c); *Trotter*, 296 Kan. 898, Syl. ¶ 2; Supreme Court Rule 183(c)(3). The exceptional circumstance alleged by Allen—Wells' ineffectiveness in failing to raise these issues on appeal—does not entitle him to relief. The district court's

14

comprehensive written decision addresses Allen's claims that Wells provided ineffective assistance of counsel in *Allen I* and *Allen II*. After careful review of the record on appeal and the arguments in Allen's brief, the panel affirms the district court's determination that Allen has failed to establish that Wells' performance was deficient in any respect. The district court's memorandum decision and order adequately explains the reasons for its summary dismissal of Allen's 1507 motion.

Affirmed in part and dismissed in part.