NOT DESIGNATED FOR PUBLICATION

Nos. 120,077
120,078
120,079
120,312

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHARLES M. TORRENCE,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed November 25, 2020. Affirmed.

*Charles M. Torrence*, appellant pro se.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before MALONE, P.J., ATCHESON and SCHROEDER, JJ.


ATCHESON, J.: Legal do-it-yourselfers more often than not end up worse off for their industry and independence. Charles M. Torrence is no exception. By representing himself for key parts of three criminal cases in Sedgwick County District Court and on the direct appeal of his convictions in those cases, Torrence has left nothing of substance to be litigated in this habeas corpus challenge to those convictions and the resulting sentences—a proceeding in which he has again opted for self-representation. The district

1

court summarily denied Torrence's motion filed pursuant to K.S.A. 60-1507. We find no error and affirm.

FACTUAL AND PROCEDURAL HISTORY

In 2013, the State charged Torrence in three cases arising from a series of robberies in Wichita. In one case, Torrence was charged with attempted aggravated robbery of a retail store when he claimed to have a gun and demanded money from a cashier. In the second case, Torrence was charged with aggravated robbery and criminal possession of a firearm for brandishing a gun and taking a smart phone from an electronics store. In the last case, Torrence was charged with three counts of aggravated robbery for separate holdups of two retail stores and a grocery store. The cases were handled jointly for pretrial matters.

Initially, Torrence asked the district court to appoint a lawyer to represent him, and the district court did so in mid-April 2013. Several weeks later, Torrence filed a motion to represent himself. After a hearing, the district court granted the motion but had the appointed lawyer remain as standby counsel to assist Torrence.

Torrence then filed a motion for appointment of a mental health professional to support a defense of mental disease or defect. The district court denied the motion as lacking any legal basis. Torrence promptly filed another motion effectively making the same request and two motions to dismiss his standby counsel.

After the district court denied one of the motions to dismiss, the standby lawyer filed a motion for a competency evaluation of Torrence. In the motion, the lawyer submitted he had a "good faith belief to question" Torrence's ability to assist in his defense. The district court granted the motion but did not immediately enter an order for a mental evaluation. Torrence then personally prepared and filed a motion to reconsider

2

and explained the true purpose of the evaluation was to secure expert testimony to support his mental defect defense and not because he lacked the capacity to understand the proceedings. The district court directed that the competency evaluation be performed. In a very short hearing in August, the district court noted that it had received a report showing Torrence to be competent to stand trial. Torrence appeared in person and with his standby lawyer. No one objected to the district court's conclusion.

In October 2013, Torrence changed his mind about self-representation and asked that a new lawyer be appointed to handle his defense. The district court discharged the standby lawyer and appointed Bradley Sylvester to represent Torrence. Three months later, Torrence filed another motion to represent himself. The district court granted the motion in February 2014, relieving Sylvester of any further responsibility. The record on appeal indicates the district court did not appoint standby counsel.

In late April, Torrence again asked for an appointed lawyer. And the district court appointed Terry Beall. The jury trial of the consolidated cases began in late January 2015 with Beall representing Torrence. The jury convicted Torrence as charged. After the guilty verdicts were received, Torrence again asked and was permitted to represent himself. He filed various posttrial motions, including one for a new trial alleging he had been inadequately represented. The district court held an evidentiary hearing on the motion at which Torrence represented himself. He called Beall and an investigator who worked for Beall as witnesses to establish his claim of ineffective representation. He did not call Sylvester or the standby lawyer. The district court denied all of the posttrial motions and sentenced Torrence to serve a controlling prison sentence of 725 months.

Torrence appealed and filed a motion to handle the appeal himself. We granted his request. Torrence raised an array of issues, including the ineffectiveness of his trial lawyers, thereby following through on the point he raised and litigated in his new trial motion. This court affirmed Torrence's convictions and sentences. *State v. Torrence*, No.

3

114,546, 2017 WL 1535137 (Kan. App. 2017) (unpublished opinion). The Kansas Supreme Court denied his petition for review.

Torrence then drafted and filed his motion for habeas corpus relief under K.S.A. 60-1507. The district court summarily denied the motion. Torrence appealed that ruling and again sought to represent himself in this appeal. We again granted his request.

LEGAL ANALYSIS

In this appeal, Torrence essentially identifies three issues: (1) his appointed lawyers' inadequate representation of him leading up to and during the jury trial in his direct criminal case, with various subsidiary claims of specific instances of inadequacy; (2) lack of full representation at the competency hearing; and (3) the inability to raise particular issues in the direct appeal because of the court rules limiting the length of his brief. Because the district court denied the 60-1507 motion without appointing a lawyer for Torrence or holding a hearing on the motion, we review the denial giving no deference to the district court's conclusion. *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 (2007).

A habeas corpus motion, as a request for an extraordinary writ, cannot merely replicate or continue a criminal defendant's direct appeal. So issues that were raised and denied or that could have been raised in the direct appeal cannot be litigated in a 60-1507 proceeding. *State v. Kelly*, 291 Kan. 868, 872, 248 P.3d 1282 (2011). To avert that bar, the movant must show exceptional circumstances establishing why an issue had not been litigated in the direct criminal case. *Bledsoe v. State*, 283 Kan. 81, 88-89, 150 P.3d 868 (2007); *Bruner v. State*, 277 Kan. 603, 607, 88 P.3d 214 (2004). In the uncommon case, the movant could present newly discovered evidence of such significance as to call into question the criminal conviction or point to a watershed change in governing constitutional law after the direct appeal. *Bledsoe*, 283 Kan. at 88-89. This is not one of

4

those uncommon cases. More typically, the movant contends his or her legal representation in the direct criminal case fell below the standard for the effective assistance of counsel established in the Sixth Amendment to the United States Constitution and the inadequacies caused sufficient prejudice to undermine confidence in the adverse verdicts. 283 Kan. at 88-90; see *Strickland v. Washington*, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) (establishing two-part test for habeas corpus relief of constitutionally inadequate representation and resulting prejudice).

That's a problem for Torrence now. Torrence litigated the constitutional adequacy of his legal representation in the direct criminal case as part of the motion he filed for a new trial following the jury's guilty verdicts. The district court afforded him an evidentiary hearing at which he called witnesses and presented arguments. But at his request, Torrence represented himself at the hearing. Likewise, Torrence litigated the adequacy of his lawyers' work in the direct appeal, where he again chose to represent himself. So Torrence had a full and fair opportunity to air his complaints about the quality of his legal representation in the district court and this court. He cannot use this 60-1507 proceeding to relitigate that issue, since that would simply be an impermissible repetition of those complaints. This court has recognized that parties cannot use 60-1507 motions to litigate the constitutional adequacy of their legal representation when they have already done so in their direct criminal cases. See, e.g., *Wilson v. State*, No. 120,218, 2020 WL 1070032, at *2 (Kan. App.), (unpublished opinion), *rev. denied* 312 Kan. ___ (September 30, 2020); *Taylor v. State*, No. 116,703, 2017 WL 2712951, at *3 (Kan. App. 2017) (unpublished opinion); *Rash v. State*, No. 107,156, 2012 WL 3136777, at *2 (Kan. App. 2012) (unpublished opinion).

Had a lawyer represented Torrence in the posttrial motions and, thus, litigated for him the claims of inadequate representation by Beall and Sylvester, Torrence could now assert the constitutionally ineffective assistance of *that* lawyer. See *Wilson*, 2020 WL 1070032, at *3. And he now would be arguing he would have received a new trial but for

5

that lawyer's botched handling of the posttrial motions. Therein lies Torrence's problem: To win on this 60-1507 motion, he would have to argue that his self-representation was constitutionally inadequate. But a claim of inadequate self-representation doesn't fly, since that's one of the assumed risks of self-representation.

In *Faretta v. California*, 422 U.S. 806, 834 n.46, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975), a seminal case on the right to self-representation, the Court recognized that defendants allowed to represent themselves at trial in criminal cases cannot then seek relief on appeal based on the poor quality of that representation. In short, "a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'" 422 U.S. at 834 n.46. We more recently made the same observation. *State v. Hargrove*, 48 Kan. App. 2d 522, 533, 293 P.3d 787 (2013). The rule also applies in 60-1507 proceedings—a party cannot request a habeas corpus remedy for inadequate representation in the underlying criminal case based on his or her self-representation. Torrence's point fails for that reason, and the district court properly denied that part of the 60-1507 motion.

Torrence's second point fails for essentially the same reason. He now complains that he was not fully represented at the competency hearing because he had only standby counsel. But Torrence could have raised that complaint in the hearing on his posttrial motions and did not. Moreover, Torrence does not claim he actually was incompetent and has not offered any evidence to support that position. He has not established some actual prejudice visited on him in the direct criminal case as a result of the competency hearing or his self-representation during that aspect of the case.

For his final point, Torrence complains that he had issues he wished to raise in his direct appeal and could not because of the page limitation on his brief. Again, however, he premises his 60-1507 motion on what amounts to an attack on his own handling of the direct appeal. Appellate lawyers are expected to pick and choose among potential issues,

6

thereby selecting the best points and discarding lesser or wholly meritless ones. See *Rice v. State*, 37 Kan. App. 2d 456, 464-65, 154 P.3d 537 (2007); *Buddenhagen v. State*, No. 110,667, 2015 WL 249760, at *5 (Kan. App. 2015) (unpublished opinion). In turn, they should draft their briefs with sufficient clarity and cogency to present those points within the court's prescribed limitations, including the length of the briefs. As a self-represented party, Torrence was expected to do the same. See *Guillory v. State*, 285 Kan. 223, 229, 170 P.3d 403 (2007). In short, Torrence can now neither litigate the points he omitted from the brief he personally drafted and filed in the direct appeal of the criminal case nor complain he inadequately represented himself at that stage of the case.

We find no basis to reverse the district court's ruling denying Torrence's 60-1507 motion.

Affirmed.